Curia.

The action in debt on a replevin bond given by the said Blacklin as principal, and the other defendants as his sureties, on a writ of replevin to replevy sundry chattels alleged to be improperly taken and detained by the said Sevey. After oyer of the bond and of the condition, which appear to be in the form prescribed by law, the defendants, by leave of the Court, plead two several pleas in bar of the plaintiff’s action ; and if either of these pleas is good, the defendant must have judgment; but if both are bad, judgment must be rendered for the plaintiff.
In the first plea the defendants plead that Blacklin, the plaintiff in replevin, prosecuted his action to final judgment, which was rendered for Sevey to recover damages and costs, with a return of the chattels ; that as to part of the chattels, they were restored to Sevey, who accepted them ; that as to another parcel, they offered them to Sevey in the like good order and condition as when replevied, which he refused to receive, — and they always have been, and now are, ready to restore them; and as to the residue of the chattels, and the damages and costs, they do not deny that the plaintiff hath good cause of action against them.
It is our opinion that this plea is unquestionably [ *542 ] bad. Instead *of being a good bar to the plaintiff’s action on the bond, it is an express admission that the penalty of the bond is forfeited by the non-performance of part of the condition. The form of this plea seems intended to obtain relief against the penalty of the bond by pursuing the remedy pro *487 vided by the English statute of 8 and 9 Will. 3, c. 10, which has never been adopted in this state. By that statute the plaintiff in debt on bond for performance of covenants may assign in his replication, or, after judgment on nil (licit or demurrer, he may suggest on the roll, as many breaches as he shall think fit; and the jury shall assess the damages for such as are proved, and, on payment of the damages and costs, execution shall stay, but the judgment shall stand as a security for future damages.
A very different provision is made in our law to relieve obligors against the penalty of the bond, when any part of the condition is broken, by the statutes of November 4, 1785, and March 1, 1799 By these statutes the proceedings in an action of debt on a bond with a penalty are according to the course of the common law ; and at common law the plaintiff, in his replication, can assign but a single breach, or his replication will be bad for duplicity. (2) (a)
When it shall appear to the Court that the penalty is forfeited, then the equity powers of the Court commence, and the judges are authorized to enter judgment for so much money as in equity and good conscience the plaintiff can claim; unless the condition of the bond be such that further damages may arise to him by future breaches. In such case judgment is rendered for the penalty, and execution is awarded for the damages already accrued; and the judgment is to stand as a security for future damages, to be recovered by scire facias. By virtue of these statutes, the defendants may have relief against the penalty of the bond by availing themselves of the equitable powers of the Court, who can render judgment on y for the damages really sustained by the plaintiff by the breach of the condition.
* In the second plea the defendants do not plead per- [ *543 ] formance either generally or specially; but, by way of excuse, plead that they were always ready to restore the goods, and to pay the plaintiff his said damages and costs; but that the plaintiff, although he sued out his retorno habendo, never delivered it to any officer to be executed, nor did he ever demand the said goods, o- his damages and costs. This plea appears to us to be bad; for when the defendants would excuse themselves for the non-perform-once of part of the condition, they must also plead performance of every other part; because, if any part be broken, the penalty is forfeited. From the excuse pleaded, it is implied that the defendant in replevin recovered judgment for a return, with damages and costs ; but it is not implied that the plaintiff in replevin prosecuted *488 his action to final judgment — which, by the condition of the bond, he was obliged to do. For, by the statute of replevin passed June 25, 1789, if the plaintiff neglect to enter and prosecute his writ, the defendant, on complaint filed, may have judgment for a return, with his damages and costs.
Perhaps the person who drew this plea intended to have it considered as a supplement to the first plea, in which the performance there pleaded might avail him in this plea. This method of pleading will not do. In all cases of double pleading by leave of the Court, the several pleas should each be an answer to the plaintiff’s action.
Neither of the pleas in bar being a sufficient answer to the plaintiff’s action, it appears to the Court that the penalty of the bond declared on is forfeited. (a)
The parties afterwards referred the action, by a rule of Court, to referees, to report what sum was justly due on the bond.

African Co. vs. Mason, Gilb Cas. 238.—10 Mod. 237, S. C.— Cornwallis 78 Savery, 2 Burr. 772.

a) Otis vs. Blake & Al. 6 Mass. Rep. 336.

 Lindsay vs. Blood, ante, 518