Parsons, C. J.
[After stating the pleadings, delivered the opinion of the Court.] The objection to the rejoinder is, that the defendants have not traversed the attachment of the plaintiff’s estate by Bell, but have tendered an issue on the traverse of a fact not alleged in the replication. For the plaintiff has not averred therein, that the trustees paid over the 523 dollars 93 cents before the commencement of this action. The defendants, in fact, appear to give up their rejoinder, but rely on the insufficiency of the replication, because it is double ; the plaintiff having, as they say, assigned two distinct breaches of the condition.
It is certainly a correct rule in pleading, that to assign two distinct breaches of the condition of a bond, in a replication to a bar in which omnia performavit or non damnificatus is pleaded, is bad, as being double. But duplicity *in pleading [ * 338 ] cannot be taken advantage of on general demurrer, but must be shown for cause on special demurrer. If, therefore, the replication was double, the defendants cannot now avail themselves of it.
But is it double ? The plaintiff, to show a damnification, alleges the securing of his real property, and also of his personal property, in the hands of his trustees, by attachment, and a subsequent appropriation of his personal property attached, to discharge Bell’s suit against him. The attachment of his estate, real and personal, was one act, in the service of one writ, and of this act the subsequent appropriation was consequential; and it is alleged rather as an aggravation of the damages resulting from the attachment, than as a distinct breach of the condition of the bond. And if the defendants had intended to defeat the action by a defence on the merits, they ought to have traversed the damnification resulting from the attachment, by denying the attachment, if the fact was with them. Not having done it, we must consider Bell as having attached the plaintiff’s property, and thereby taken it from under his control, *278 and, as this was done before the commencement of this action, it is a damnification, which is a breach of the condition of the bond.
Upon the whole of the pleadings, it clearly appears to us that the rejoinder is bad, and not a sufficient answer in law to the plaintiff’s replication.
The defendants may, however, be relieved in equity from paying the penalty, by our awarding judgment for such a sum as will reasonably compensate the plaintiff for his damages.