## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

## LINCOLN.

### MAY TERM

### 1821.

---

### BAILEY, JUDGE, &c. v. ROGERS & AL.

In debt on a guardian's bond to the Judge of Probate, the general plea of per formance is a good plea.

The English *Stat.* 8. & 9. *W. & M. ch.* 11. was never adopted in this State, but the pleadings in our Courts in debt on bond continue to be governed by the rules of the common law.

Where a guardian neglects to account, a citation from the Judge of Probate requiring him to render his account is a necessary preliminary in order to charge the guardian on his bond for refusing to account.

*DEBT* on a bond given to the plaintiff in his capacity of Judge of Probate, by one *Ridley* and the other defendants his sureties, as guardian to certain minors. The defendants prayed *oyer* of the condition, which was that if the said *Ridley* " shall " and do well and truly perform and discharge the trust and of- " fice of guardian unto the said minors, and that in and by all " things according to law, and shall render a plain and true ac- " count of his said guardianship upon oath, and all and singular " such estate as shall come to his hands and possession by vir- " tue thereof, and all profits and improvement of the same, so " far as the law will charge him therewith, when he shall there- " unto be required, and shall pay and deliver what and so much " of the said estate as shall be found remaining upon his ac- " count, the same being first examined and allowed of by the " Judge or Judges for the time being of the Probate of Wills, &c. " within the county of *Lincoln* aforesaid unto the said minors

Bailey *v.* Rogers & al.

" when they shall arrive at full age *or otherwise,* as the said
" Judge or Judges by his or their decree or sentence pursuant
" to law shall limit and appoint, then this obligation is to be void,
" otherwise," &c. and thereupon they pleaded in bar that the
said *Ridley* " from the time of the making of the said writing
" obligatory and the said condition thereof, *hath well and truly*
" *observed, performed, fulfilled and kept all and singular the matters*
" *and things* in the condition of the said writing obligatory men-
" tioned and specified," &c.

To this plea the plaintiff replied that the father of the minors
died seized and possessed of a large tract of land, and of cer-
tain personal property, which descended by law to the minors,
and which, on the date of the bond, came to the hands and pos-
session of *Ridley* their guardian, for their use and benefit, " *which*
" *estate real and personal, and the rents, benefits and improvements*
" *thereof, the said Ridley for a long time,* to wit, for the space of
" fifteen years next after the date of the said writing obligatory,
" *wasted and suffered to be wasted and wholly lost to said minors,*
" and has ever *neglected and refused to render a just and true ac-*
" *count thereof* when thereunto lawfully required, and to *pay the*
" *sum justly due* to the said minors when they arrived at full
" age," &c.

Whereupon the defendants demurred in law, assigning for
causes, 1.—" because the said replication is double in this, that
" it contains assignments of several supposed breaches of the
" condition aforesaid, different and distinct in their nature, so
" that they cannot all be put in issue ;—also in this, that the
" plaintiff has alleged the supposed breaches by the alleged ne-
" glect of said guardian to render a just and true account of his
" guardianship when lawfully required thereto, and also to pay
" the sum justly due to said minors when they arrived at full
" age, and also that real and personal estate to a large amount
" came into the hands and possession of said guardian, and also
" that the said guardian wasted and suffered to be wasted and
" wholly lost to said minors the said real and personal es-
" tate, and the rents, profits and improvements thereof, all
" which are distinct and several alleged breaches:—2.—Be-
" cause the plaintiff in said replication has not alleged that said
" guardian was ever cited or required by the Judge of Probate

" for said county to render and settle any account of his guar-
" dianship :——3.—Because it is not alleged in said replication
" that said minors or either of them have arrived to the age of
" twenty-one years." And the plaintiff joined the demurrer.

*Hasey,* in support of the demurrer, observed that the first and
great fault in the proceedings was that the guardian had never
been summoned to account before the Judge of Probate. Until
this is done there could be no refusal, and of course no action
could lie on the bond for not rendering an account. *Stat.* 1786.
*ch.* 55.

     *Orr,* for the plaintiff.

The principal objection as exhibited in the pleadings is, that
the replication is double. But the assignment of breaches in
the condition of a bond in debt, is of the nature of allegations in
a declaration ; and if one be well assigned, it is enough. Du-
plicity, in such case, in the replication, is not good cause of de-
murrer. However the law may formerly have been, it is chang-
ed by *Stat.* 8 & 9. *W. & M. ch.* 11. *sec.* 8. which puts debt on
bond upon the same footing with actions of covenant, where the
rule is to set out as many breaches as the plaintiff sees fit.
*Collins v. Collins,* 2 *Burr.* 824. *Barton v. Webb,* 8 *D. & E.* 459.

But if duplicity in the assignment of breaches in debt on
bond were bad, yet here is no duplicity ; for the whole repl,
cation is but one series of facts, following each other to one
point. *Robinson v. Rayley,* 1 *Burr.* 316. *Shum v. Farrington,*
1 *Bos. & Pul.* 640.

As to the want of a citation to account, it is to be presumed that
the Judge of Probate has summoned the guardian for that pur-
pose, because it is his duty so to do ; and this the defendants
ought to have shewn in their plea, that the plaintiff might have
assigned farther breaches.

But the plea itself is bad. In debt on a guardian's bond, the
general plea of performance is not good, for the conditions are
in the disjunctive, to account to the minors, *or otherwise,* &c.
The defendants should have shewn a specific performance of
the one or the other. If part of the plea is to consist of the
proceedings of a Court, they ought to be certainly and truly
alleged ; for the Court must judge of the record. But the ten-
dency and effect of this plea is to bring the records of the Pro-

Bailey v. Rogers & al.

bate Court to trial by jury ; which is a violation of the rule that the record is to be tried by itself, it not being matter *in pais.* *Co. Litt.* 303. *a. b. note (m.)* *Freeland v. Ruggles,* 7 *Mass.* 511.

*Hasey*, in reply.

The *Stat.* 8. & 9. *W. & M. ch.* 11. has never been adopted here, and ought not to be. Our bonds, as to the rules of pleading, stand at common law. The course of proceeding with a delinquent guardian depends altogether upon our own statute, which must be strictly pursued. It is in the power of the minors to call the guardian to account at their pleasure, and the statute requires that this should first be done. Had he refused, it would have been a breach of the bond, and then, but not before, an action might be sustained.

The cause after argument having stood over to this term for advisement, the opinion of the Court was now delivered as follows by

PREBLE J. If the objection taken to the defendant's plea, that *omnia performavit* is not a good plea in debt on bond, be supported, the plaintiff is entitled to judgment, even if his replication be defective or insufficient, on the well known principle, that judgment will be rendered against the party, who commits the first fault in pleading.

In *covenant* the plea of performance generally, where all the covenants are in the affirmative, is a good plea. But, if any of the covenants are in the negative, such a plea is not good. *Co. Litt.* 303, *b.* [*a*]. *Cropwell v. Peachy, Cro. Eliz.* 691. The mere occurrence of negative words however is not sufficient to determine the nature of the covenant; for if the negative be but an affirmance of a precedent affirmative, or if to an affirmative negative words be added of the same import, the whole clause is taken together, and considered an affirmative. 1 *Sid.* 87. *Com. Dig. Pleader,* (*E.* 26.) From analogy to the pleadings in covenant it has long been settled by all the Justices of England, that *in debt* on bond conditioned for the performance of covenants, where all the covenants are in the affirmative, the same plea of performance generally is a good plea. *Per Popham C. J. in Mints v. Bethil, Cro. Eliz.* 749. But in order to entitle himself to plead such a plea, the defendant having

craved oyer of the condition of the bond declared on, sets out at length with a profert the indenture or other writing containing the covenants, referred to in the condition. Having thus spread the covenants upon the record and made them a part of the case, he may, as in covenant, plead performance generally. 2 *Saund.* 409. *note* 2. *and cases there cited. Kerry v. Baxter,* 4 *East* 340. But in debt on bond, other than those conditioned to perform covenants if the condition be to do several enumerated things, the defendant should not plead performance generally, though all be in the affirmative; but should answer specially to every particular mentioned in the condition. *Com. Dig. Pleader* 2 *W.* 33. Thus also in the case of *Freeland v. Ruggles,* SEWALL J. suggested that the plea of *omnia performavit* is not a sufficient answer in debt on bond. Where however the language of the condition is general in terms, but extends to and comprehends within its meaning a multiplicity of matters or multifarious particulars, all the particulars being in the affirmative, to avoid prolixity the plea of performance generally is allowed. *Co. Lit.* 303. *b.* [*c*]. 1 *Saund.* 116. *note* 1. As where the condition was to deliver *all the fat and tallow* of *all the beasts* he might kill, it is sufficient to say he had delivered *all,* &c. *Cro. Eliz.* 749. *Mints v. Bethil.* So performance generally is a good plea to a bond conditioned to account for *all monies received,* &c. 8 *D. & E.* 459. *Barton v. Webb.* So in regard to the official bond of a deputy postmaster, KENT C. J. in *Postmaster General v. Cochran,* 2 *Johns.* 413. remarks, " the usual " course of pleading upon these bonds has been, for the plaintiff " to declare in debt for the penalty, the defendant to crave oyer " and plead a general performance, and the plaintiff to reply " and set forth particular breaches." And in *Dawes v. Gooch,* 8 *Mass.* 488. the Court held the plea of performance generally to an administration-bond a good plea on special demurrer.

But, it is said, the clauses in the condition of the bond in suit are in the *alternative.* In debt on such a bond the plea of performance generally is bad; and, it would seem, on general demurrer. *Cro. Eliz.* 233. *Oglethorp v. Hyde, Cro. Jac.* 559. *Lea v. Lothell.* For whether the condition embraces many, or few particulars, if any of the acts to be done are in the alternative, as the obligor is not bound to perform all, but the performance

of one, in so far as respects such alternatives, is a compliance
with the condition; he is held to show in his plea, which of the
alternatives he did in fact perform.    *Co. Litt.* 303. *b.* [*b.*]  *Com.
Dig. Pleader, E.* 25.    But, as the mere use of negative words
does not render negative a clause, *substantially affirmative,* so
the use of disjunctives does not necessarily make a clause
an alternative one within the meaning of the rule under consid-
eration.    Thus, " if he shall pay to them *or* one of them."    So
" to pay *or* cause to be paid to them *or* any *or* either of them"
are not disjunctive.    *Barton v. Webb, supra, Aleberry v. Wal-
berry,* 1 *Stra.* 231.  1 *Saund.* 235. *note* 6.    So in the condition of
an administration-bond among other clauses we have the fol-
lowing, viz.  " Shall deliver and pay," &c. " unto such *person or
" persons respectively,* as the said Judge or Judges by his or their
" decree or sentence pursuant to law shall limit and appoint."
Now, if for the words " *person or persons respectively*" we substi-
tute the words " *minors when they arrive at full age, or otherwise,*"
we have the precise language of the clause, upon which the
counsel for the plaintiff relies, as constituting an alternative.
It is difficult to perceive why the clauses in one condition should
be considered as disjunctive, and those in the other not so.    Fur-
ther, the Judge of Probate may dismiss the guardian *before the
minor arrives at full age;* and may order the balance in his
hands to be paid over to the guardian, appointed in lieu of the
one dismissed.    And *after the ward's arrival at full age,* unless
the business is amicably adjusted between him and his guardian,
the accounts are first to be exhibited to, and to be audited, ex-
amined, and allowed by the Judge of Probate, who will there-
upon decree the balance to be paid.    There is therefore no
disjunctive or alternative clause.    The meaning of these par-
allel clauses in the administrator's and guardian's bond is the
same, viz. that the administrator or guardian shall pay and
deliver over the balance, &c. remaining in his hands after the
adjustment of his accounts, as the Judge of Probate *by his de-
cree,* made pursuant to law, *shall limit and appoint.*    It is not
easy therefore to see why the plea of performance generally
should be a good plea to one, and not to the other.    At all
events, as the condition is not in the disjunctive, the exception,
taken by the plaintiff's counsel, can only prevail on special

demurrer. *Oglethorp v. Hyde, supra.* Our opinion accordingly is that the plea of the defendant is good and sufficient.

Proceeding therefore to the consideration of the objections, taken to the replication, it appears on oyer, that the bond is conditioned for the performance of duties, embraced under three distinct clauses : viz.

" That of well and truly performing and discharging the trust and office of guardian in and by all things according to law."

" That of rendering a plain and true account of his guardian‑ ship upon oath, and all and singular the estate, and all profits and improvements of the same, that shall come to his hands and possession as guardian, so far as the law will charge him there‑ with, when he shall thereunto be required."

" That of paying and delivery, what and so much of the es‑ tate, as shall be found remaining on his account, the same be‑ ing first examined and allowed of by the Judge of Probate, un‑ to the minors, when they arrive at full age, or otherwise, as the Judge of Probate by his decree pursuant to law shall limit and appoint." Neglect on the part of the guardian to perform the duties, embraced within the meaning of either of these claus‑ es, is a forfeiture of the bond.

By the *Stat.* 8. *&* 9. *W.* 3. *ch.* 11. the plaintiff may assign as many breaches as he thinks proper. Under this statute, al‑ though the several breaches relied on may be embraced in one plea, yet each must be separately, and distinctly, and formally, assigned ; each of itself constituting a breach at common law. Previous to that statute the plaintiff could assign but one breach, and that being proved, he had judgment and execution for the whole penalty. 1 *Saund.* 58. *note* 1. The hardship and injus‑ tice, arising out of this principle of the common law, led our provincial legislature by *Stat.* 5. *W. & M. ch.* 26. to provide that " where the forfeiture of any penal bond is found," the Court, where the action is pending, " shall chancer the same unto the just debt and damage." [*Ancient Charters p.* 274.] Hence probably it was that the statute of 8. & 9. *W. & M.* was never adopted here ; but the pleadings in our Courts in debt on bond continue to be governed by the rules of the common law. *Sevey v. Blanklin,* 2 *Mass.* 541. And though in covenant the

Bailey *v.* Rogers & al.

plaintiff may assign several breaches, in debt on bond he can assign but one. *Symms v. Smith,* Cro. Car. 176. *Munro v. Alaire,* 2 *Caines* 328. So, if the defendant plead performance generally, the plaintiff in his replication can assign but one breach. *Cornwallis v. Savery,* 2 *Burr.* 772. *Otis v. Blake,* 6 *Mass.* 336. *Sevey v. Blacklin, supra.* The assignment however of more than one breach can only be objected to on special demurrer, pointing out wherein the duplicity consists, and assigning it for cause. *Hancocke v. Proud,* 1 *Saund.* 337. But a plea is not double, merely because it puts more than one fact in issue; for it may put in issue several facts, where they amount to only one connected proposition. *Robinson v. Rayley,* 1 *Burr.* 316. *Story v. Smith,* 3 *Caines* 160: yet, if it alleges several distinct matters, requiring several answers, it is double. In regard to the case at bar, carelessly and improperly neglecting to take possession of his ward's property, whereby it is lost, such property having through such negligence and carelessness never in fact come to the hands and possession of the guardian, is a breach of the first clause of the condition. Neglecting and refusing to render a just and true account of the property, which has come to his hands and possession, when thereunto lawfully required, is a breach of the second clause. And if, when called upon to account, he has wasted and suffered to be wasted the property that came to his hands and possession, so that he cannot render an account of it, that amounts in law to a neglecting and refusing to account. So, after his accounts have been rendered and adjusted, neglecting and refusing to pay and deliver over, what remains in his hands agreeably to the order of the Judge of Probate, made pursuant to law, is a breach of the third clause of the condition. In this case it is not alleged that the guardian neglected taking possession of the property; but it is alleged, that it did come to his hands and possession, and that he wasted and lost it, and refused to account for it. The supposed breach therefore does not apply to the first clause. Nor could it be intended to apply to the third; for the only expression applicable to that clause is the one, charging the guardian with having neglected to pay the sum justly due to the said minors, when they arrived at full age, which, regarded as the assignment of a breach of the

third clause, is so imperfect and totally insufficient, that it could not be sustained even on general demurrer. The breach assigned therefore, if good and sufficient at all, is so, only as applied to the second clause of the condition.

To constitute a good breach it must be certain and express. *Com. Dig. Pleader,* C. 48. It should be assigned in the words of the contract either negatively or affirmatively, or in words having the same import and effect. And in general if a breach be assigned in words containing the sense and substance of the contract it is sufficient. *Com. Dig. Pleader,* C. 45. 46. But if the breach assigned vary from the sense and substance of the contract, and be either more limited, or larger than the covenant, it will be insufficient. *Com. Dig. Pleader,* C. 47. And whenever it is essential to the cause of action, that the plaintiff should have requested the defendant to perform his contract, such request must be stated. In such a case the request stated must be a *special request,*—it must be shown by and to whom the same was made, and the time and place of making it. *Bach v. Owen,* 5 *D. & E.* 409. *Birks v. Trippet,* 1 *Saund.* 33. *Hostler's case, Yelv.* 66. *Selman v. King, Cro. Jac.* 183. *Devenly v. Welbore, Cro. Eliz.* 85. The common allegation, " though often requested," without stating the time and place of request, is of no avail in pleading. Its omission never vitiates, and its insertion never aids. 1 *Chitty on Pleading,* 325. Now, when property of the ward has actually come to the hands and possession of the guardian, the proper mode of instituting a judicial inquiry, whether the guardian has used and improved it for the benefit of his ward, or wasted and lost it, is to call on the guardian to render an account of his guardianship ; who by the very terms of his bond is not bound to render such account " *until he shall thereunto be required.*" It is not sufficient therefore to allege, " that property came to the hands and possession of the guardian," and that " he has ever neglected and refused " to render a just and true account thereof, when thereunto " lawfully required." An actual request to account is necessary ; otherwise he would be liable on his bond the moment the ward's property came to his possession ; and the condition would be adjudged broken without the least misconduct on the part of the guardian. But the request contemplated by law in

Bailey *v.* Rogers & al.

such a case, is not a mere demand, made by the ward or some person in his behalf. The statute of 1786, *chap.* 55. regulating proceedings in suits on probate bonds provides that " when " the administrator [or guardian] shall refuse or neglect to ac- " count upon oath for such property of the intestate [or ward] " as he has received, *especially if he has been cited by the Probate* " *Court for that purpose*, execution shall be awarded," &c. Under this statute in *Dawes v. Bell*, 4 *Mass.* 106. the Court held, that a refusal on the part of the guardian to account, *when cited* for that purpose, was a forfeiture of his bond, though nothing in fact remained in his hands. In *Nelson v. Jaques*, [*ante page* 139.] this Court intimated an opinion, that in order to charge *an administrator* with a breach of his bond for neglecting to account he should be first cited to render an account by the Judge of Probate. And in revising the statutes the Legislature of this State have sanctioned that construction by the adoption of language in conformity with it. *Revised Stat. chap.* 51. *vol.* 1. *page* 225. It is the Judge of Probate, from whom the guardian received his appointment, in whom is confided the power of removing the guardian for misconduct, to whom the guardian is by law to account, by whom those accounts are to be examined and allowed, and in accordance with whose decree, made pursuant to law, the balance, remaining in the guardian's hands, is to be paid. We hold therefore that, where the guardian neglects to account, a citation from the Judge of Probate requiring him to render his account, is a necessary preliminary in order to charge the guardian on his bond for refusing to account. In the case at bar no special request to account is alleged—it does not appear that the guardian ever was cited. There is therefore no sufficient breach assigned.

*The replication is bad.*

NOTE. The *Chief Justice* did not sit in this cause, having formerly been of counsel with the defendants.