TUBBS *vs.* CASWELL & PETTIT.

A *replication* to a plea, that the promise declared on was made by the defendant and a third person, and that a *release* was executed to such third person, denying both *the joint promise* and *the release,* is bad for duplicity.

The rule that on demurrer judgment shall be given against the party who commits the first fault, applies only where the previous pleading is bad in substance, and not defective merely in form.

*It seems,* that in actions of *tort,* where the defendant sets up matter merely by *way of excuse,* the plaintiff by a replication of *de injuria,* &c. may put in issue *every material allegation* in the plea, but this manner of replying is not allowed where the defendant by his plea insists upon a full and adequate right.

ERROR from the supreme court. Tubbs, *as endorser,* sued Caswell and Pettit as the *makers* of a promissory note. The defendants *pleaded* that the promise and undertaking in the

declaration mentioned was made by them and one P. S. Sen-nott *jointly*, and not by them *solely*, and that after the making of the promise, and before the commencement of the suit, to wit, on, &c. at, &c. the plaintiff, by an instrument under seal, *released* Sennott from the promise and undertaking, and from all demands whatsoever. The plaintiff *replied* that the promise, &c. was made by the defendants, and not jointly or otherwise with Sennott, and that the supposed release in the plea mentioned was not the deed of the plaintiff. The defendants demurred to the replication, and assigned *duplicity* for cause. The supreme court gave judgment for the defendants on the demurrer, granting leave to the plaintiff to amend, the following opinion being delivered by the court: "In 1 Burr. 316, cited in *Strong* v. *Smith*, 3 Caines, 162, Lord Mansfield lays down the rule adopted by this court: ' It is true you must take issue upon a single point, but it is not necessary that this single point should consist of a single fact ;' but when a single fact constitutes the point, you must take issue upon it. As in this case, the fact of the promise being joint or not is a fact making a complete point and a complete answer to the plea; so the fact of the release being denied, constitutes a perfect answer to the plea. The plaintiff has here taken issue in his replication to two facts, constituting two points or two answers to the plea—it is therefore double. He should have protested as to one, and taken issue upon the other." The plaintiff sued out a writ of error.

*A. Van Vechten,* for the plaintiff.

*J. A. Spencer,* for the defendants.

The following opinion was delivered

By the CHANCELLOR. Before I proceed to examine the question arising on this replication, it may be proper to notice an objection made on the argument to the validity of the plea. It was said that if this replication is double, the plea also is double and bad for that cause, and that judgment should have been given against the party who committed the first fault. That rule applies only to cases

in which the previous pleading is bad in substance, and not defective merely in form. *Bushell* v. *Lechmore*, 1 Ld. Raym. R. 369. The objection to a pleading for duplicity is an objection of form, and not of substance, and can only be taken advantage of on special demurrer. Euer's Doct. Plac. Ch. 36, § 3. *Lamplugh* v. *Shortidge*, Comyn's R. 115. But the plea in this case was not double in point of fact, as both parts thereof were necessary to constitute a valid bar. A plea that the promises were made by the defendants jointly with Sennott might have been good in abatement, but could not of itself be pleaded in bar ; that fact was therefore only pleaded as inducement to the bar, which was the *release* executed by the plaintiff to one of the joint promisors. No matter will operate to make a plea double that is only pleaded as a necessary inducement to another allegation. Dame Audley's case, Dalison's R. 30 pl. 9. F. Moor's R. 25, S. C. 1 Moore & Payne, 123.

In almost every plea in bar it becomes necessary to allege several distinct matters to constitute the defence, neither of which pleaded by itself would be sufficient. There appears to be some conflict of opinion in the books, and particularly in the elementary treatises on pleading, as to the right of the plaintiff in his replication to take issue on more than one of the facts stated in the defendant's plea. It seems to be admitted by all the judges and law writers who have examined this question that an issue or traverse must be to a single point, but that a single point may consist of several distinct facts. A special plea, however, as well as a declaration may consist of several distinct points, as well as of distinct facts constituting a single point. Thus, in the case of *Robinson* v. *Raley*, 1 Burr. R. 317, cited by the plaintiff's counsel, to an action of trespass on land and depastureing it with cattle, the defendant pleaded that it was parcel of a common field, in which he had a *right of common* as appurtenant to the estate occupied by him. This was one point of the defences necessary to be established by his plea, but to make a valid bar, it was necessary to go still further and establish another point, to wit, that the cattle, with which the defendant had depastured the common, where *commonable cattle*, which he

had a right to have fed on that common. To make out that point it was necessary to allege that the cattle were his own commonable cattle, kept in technical language, *levant et couchant*, upon the premises to which the common was claimed as appurtenant. *Molliton* v. *Trevilian*, Skin. R. 137. It was upon this last point, in one of the pleas to the fifth count in the plaintiff's declaration, that the replication took issue by a formal traverse of the several facts constituting that point, but the other point in the same plea, to wit, that the defendant was entitled to common in the *locus in quo* as appurtenant to the premises occupied by him, was not attempted to be put in issue by the replication. The only point in issue, therefore, on that replication (the right of common being admitted) was whether these particular cattle were commonable; but if the replication had put in issue the right of common, as well as the fact of these particular cattle being commonable, &c. it would have been bad for duplicity. 1 Chitty on Pl. 568. *Cockerill* v. *Armstrong*, Willes' R. 99. The case of *Strong & Udal* v. *Smith*, 3 Caines' R. 160, was also a case where the traverse took issue upon a single point, although it consisted of two distinct facts. The point of the defence was that the defendant was entitled to the possession of the premises as the tenant of the trustees of Huntington; the defendant in his plea averred that the trustees being seised of the premises in fee, demised the same to him for one year. The plaintiffs replied that their *ward* was seised and in the actual possession of the premises at the time of the alleged trespass, *traversing* the facts set up as constituting the title of the defendant. In that case, a simple denial of the demise to the defendant would have admitted the seisin of the trustees; and as the seisin of the ward being but an inducement to the traverse, was not put in issue, the replication would have presented an immaterial issue, on which the merits of the cause could not have been tried, it therefore became necessary for the plaintiffs in that case to traverse the alleged seisin of the trustees also, in order to form a perfect issue. It was not, therefore, a traverse of two points, or even of two facts; the denial of either of which would have been sufficient to support the plaintiff's title.

In the case under consideration, the defence consists of two distinct and independent matters, both of which are necessary to the validity of the plea, but a denial of either of those matters was sufficient to sustain the plaintiff's right to recover and to destroy the defence. The replication was therefore bad for duplicity, and the demurrer thereto was well taken.

There is a class of cases in *tort* where the defendant sets up matter merely by way of excuse, in which the plaintiff may reply that the defendant of his own wrong, and without the cause by him alleged in his plea, committed the injury complained of in the declaration, and by this general traverse, he may put in issue *every material allegation* in the plea; but this manner of replying appears to be confined to cases of tort where the defence is by *way of excuse* merely, and is not allowed where the defendant by his plea insists upon a full and adequate right. *Longford* v. *Waghorn,* 7 Price's R. 670. *Jones* v. *Kitchen,* 1 Bos. & Pul. 76. *Lyttle* v. *Lee & Ruggles,* 5 Johns. R. 112. *Plumb* v. *McCrea,* 12 id. 491.

I think the judgment of the supreme court was correct, and that it ought to be affirmed.

On the question being put, *Shall this judgment be reversed?* *three* members expressed their opinions in the affirmative, and *seventeen* in the negative. The members expressing their opinions in the affirmative, were *Senators* REXFORD, SEWARD and SHERMAN.

Whereupon the judgment of the supreme court was *affirmed.*