Rich et al. vs. Warner.

### Rich and another vs. Warner.

1. CONFESSION OF DEMURRER. It is the well-established practice to allow a party to confess a demurrer to his pleadings, in which case his opponent can only insist upon the costs of the demurrer, which if not specially insisted on, will be considered as waived. Filing an amended pleading in the place of the one demurred to, amounts to a confession of the demurrer.

2. ACTION ON BOND — PLEADING — PRACTICE. In an action upon a bond with a condition where the jury find a breach of the condition, the plaintiff is entitled to judgment for the penal sum, and under the statute judgment will be rendered and execution awarded for such sum as is equitably due to the plaintiff at *the time of rendering the judgment ;* if the condition of the bond be such that future damages may accrue for subsequent breaches, judgment is to be rendered for the penalty and execution awarded for the damages already accrued ; and the judgment will stand as security for such future damages, which may be recovered by *scire facias.*

3. ASSESSMENT OF DAMAGES. Where the plaintiff in declaring on a bond conditioned for the payment of several sums at different times, and assigned but one breach, the non-payment of one installment, though several others were then due. *Held,* that he might, in case he recovered, have an award of execution for the amount of all the installments which had matured at the time of rendering the judgment.

ERROR to the District Court for *Racine* County.

Action of debt upon a bond in the penal sum of $700, conditioned for the payment of $350, in several install-

ments, some of which were due at the commencement of the action, and others became due before trial and judgment. The declaration assigned but one breach, for the non-payment of the first installment. The award of execution was for other installments, and such as became due before the commencement of the action. The instruction to the jury and all other material facts are stated in the opinion of the court.

*E. W. Evans*, for plaintiff in error.

The instruction to the jury to find for the amount of the installments due at the commencement of the action, when the declaration only alleged one installment to be due. The plaintiff can in no case recover a greater sum than he claims to be due. 1 Chitty's Plead. 173 ; 13 Serg. & Rawle, 189 ; 9 Johns. 290 ; 5 id. 168 ; 1 id. 133 ; 5 East, 449.

*J. B. Jilsun*, for defendant in error.

DUNN, C. J. *Almira Warner*, defendant in error and plaintiff below, brought her action of debt on a penal bond, in the district court of Racine county, at the October term, 1845, at which term the plaintiffs in error and defendants below filed their special demurrer to the plaintiff's declaration, assigning as special causes of demurrer : "1st. That the declaration alleges several distinct breaches of the conditions of the bond. 2d. That the declaration is argumentative." And thereafter, at the same term, the plaintiff filed an amended declaration, and the court overruled the demurrer, and entered a rule to plead in sixty days. In answer to the rule, the defendants filed their plea of *non est factum*. At the April term, 1846, the cause being at issue, was tried, and upon the finding of the jury the court rendered a judgment in favor of the plaintiff for $700, the penalty of the bond, and a further judgment awarding execution for the sum of $134.95 damages, and the costs.

The plaintiffs in error present for the consideration of this court two assignments of error in the court below, viz.: 1st. "The court below erred in overruling the de-

murrer to the plaintiff's declaration." 2d. "The court below erred in instructing the jury to find for the amount of the penalty of the bond, and to assess the damages for the number of installments on the bond due at the commencement of the suit, when in the plaintiff's declaration there was but one installment, of $25, alleged to be due on said bond."

On the first error assigned, it is only necessary to recur to the long established practice in pleading, permitting the plaintiff to confess the demurrer, and take leave to amend his declaration. This was virtually, though not formally done, in the case at bar. The demurrer being confessed, by filing an amended declaration avoiding the special causes assigned in the demurrer, the defendants could only insist upon the terms of costs, which seem, from the record, to have been waived, or not to have been asked of the court. If the defendants insisted upon the demurrer as applicable to the amended declaration, it was proper to overrule it ; if to the original declaration, it had been virtually confessed. The former must have been the view taken by the defendants' counsel and the court. The only matter the defendants could complain of is, that costs were not imposed on confessing the demurrer and amending, and this could have been obtained upon request. The practice of the court is to observe the rules of the law of pleading in such cases, and impose terms, when insisted on. If not, the costs abide the event of the suit. Although the ruling of the court is not technically formal, we are of opinion that it is substantially correct, and that the first error assigned is not sustainable.

The material question to be considered in this case is embraced in the second assignment of error, and relates to the instruction of the court to the jury on the assessment of damages. We consider the instruction of the court to the jury "to find for the amount of the penalty of the bond," as a direction to inquire whether the condition thereof had been broken. If so, the legal consequence is that the plaintiff is entitled

to judgment for the penalty, and if the jury did find by their verdict a breach, and the legal consequence of a breach of the bond, it does not affect the charge of the court, or the verdict.

The remainder of the instruction to the jury, "to assess damages for the number of installments on the bond due at the commencement of the suit," is mainly objected to for the reason that the plaintiff has assigned but one breach in his declaration, insisting that the assessment should have been on that breach only. The statute of the Territory on this subject, commencing on page 208 of Revised Statutes, sections 69, 70, 71, 72, 73, is a literal copy of the statute of Massachusetts on the same subject. The proceedings in New Hampshire and Massachusetts (and formerly in Maine) in debt on bond with a penalty, are according to the course of the common law, by which the plaintiff can assign only a single breach. *Sevey v. Blacklin*, 2 Mass. 542; *Bailey v. Rogers*, 1 Greenl. 193; *Mooney v. Demerit*, 1 N. H. 187.

When it appears to the court that the penalty of the bond is forfeited, judgment is to be entered (by statute provisions) for such sum as is equitably due to the plaintiff at the time of rendering the judgment. And if the condition of the bond be such that future damages may arise for future breaches, judgment is to be rendered for the penalty, and execution awarded for the damages already accrued, and the judgment stands as security for future damages, to be recovered by *scire facias*. 2 Mass. 542; *Waldo v. Forbes*, 1 Mass. 10.

We conceive that the practice in Massachusetts, under a statute of which ours is a copy, is a sound practice, and not in conflict with any rule of pleading according to the course of the common law ; and certainly there is nothing peculiar in our laws or condition which would warrant a departure from this practice, strengthened and confirmed since 1798.

By virtue of the statute, the defendants may have relief against the penalty of the bond, by availing themselves

of the equitable powers of the court, which can render judgment only for the damages really sustained by the plaintiff by the breaches of the condition.

The plaintiff might complain that the instruction of the court was not sufficiently favorable to her rights. The authorities referred to, maintain the position, that it is right in such cases, to assess damages for breaches up to the rendition of the judgment. Of this however, the defendants below, who are plaintiffs in error, cannot complain, as the omission is to their advantage.

The judgment of the district court of Racine county is affirmed with interest at the rate of seven per centum per annum on the amount of damages assessed from the rendition of the judgment, and also ten per cent damages thereon.