## BLANCHARD *versus* HOXIE. .

A general demurrer to a declaration containing several counts, is unsustainable, if any of the counts are good.

In a declaration upon the covenants of seizin and of right to sell, contained in a deed of land, the breaches are sufficiently alleged by negativing the words of the covenants.

In a declaration upon the covenants of freedom from incumbrances, and for quiet enjoyment, the breaches must be specifically set forth.

In a count for covenant broken, alleging several breaches, there may be a recovery for such breaches as are well assigned, although the assignment of some other breaches may be fatally defective.

A declaration negativing the words of the covenant of seizin, is not defeasible on general demurrer, although it proceed to allege that the defendant's seizin did not extend to a described part of the land.

In such a case, the measure of damage is the consideration paid for that part of the land, with its interest.

ON DEMURRER.

COVENANT BROKEN.

APPLETON, J. — The plaintiff has declared. on the covenants of a deed of warranty given him by the defendant, and in his declaration has set forth in one count all the covenants, and assigned a breach of each by negativing its words. To this the defendant has filed a general demurrer.

In suits on the covenants against incumbrances of warranty, and for quiet enjoyment, the breach of each of these covenants must be specifically set forth. It is not enough to negative the general words of these covenants. *Marston* v. *Hobbs*, 2 Mass. 437; *Wait* v. *Maxwell*, 4 Pick. 87. The breach of these covenants therefore is not well assigned. The law is otherwise in reference to the covenants of seizin and a right to sell. It is sufficient in these last covenants merely to negative their language.

In this case, the breach alleged of the covenants of seizin and good right to sell is, that " The defendant was not seized of the said granted premises, and that he had not good right to sell and convey the same." By all the authorities this is a good assignment of a breach of these covenants. The declar-

ation then proceeds as follows : " but that at the time of said conveyance, ten acres of said tract on the east side of the same were claimed, demanded, and owned by one David Robinson and Stephen Ward, and that a further portion of said tract was claimed, demanded, and owned by said David Robinson, being about three-fourths of an acre on the west side of tract," &c. This is not inconsistent with, nor a denial of the previous allegation, that the defendant was not seized, and had not good right to sell and convey to the extent, at any rate, of so much of the premises granted as are thus described. The effect of this language may be by implication to restrict the breach to the limits thus specified, but that cannot affect the plaintiff's right to recover for this portion of the land granted him. Though the defendant may have been seized of a portion of the land, he would still be liable in damages for the value of so much as he might have conveyed without right. The defendant cannot complain because the generality of the breach of these covenants is confined within more narrow bounds. The count clearly and in fitting language sets forth a breach of the covenants of seizin, and good right to convey. Is, then, the plaintiff to fail because, having undertaken to assign other breaches, he has not well assigned them ? The demurrer being general, the objection of duplicity cannot prevail, for that can only be taken advantage of on special demurrer. 1 Chit. Pl., 228 ; *Otis* v. *Blake,* 6 Mass. 336 ; *Tubbs* v. *Caswell,* 8 Wend. 129. Neither is the plaintiff to suffer because a breach of the other covenants has been defectively assigned in this count. " If one of two breaches or a part of a breach be improperly assigned, leaving a sufficient breach to support the count, the defendant cannot demur to the whole." 1 Chit. Pl. 337 ; Stephen on Pl. 4th Am. Ed., 2d app.

" It is a settled rule that, if the same count contains two demands or complaints for one of which the action lies and not for the other, all the damages shall be referred to the good cause of action. *Doe* v. *Dyeball,* 8 B. & Cres. 70. " So too in covenant, if some breaches are good and the others

not, it is no ground of demurrer to the whole declaration, but the plaintiff shall have judgment for the breaches well assigned," per BAILEY, J., in *Amory* v. *Broderich*, 2 Chit. R. 329. The case of *Wait* v. *Maxwell*, 4 Pick. 87, is in point and conclusively so. There the declaration alleged a breach of all the covenants by negativing the general language of each. This was an ill assignment as to the covenants of warranty and against incumbrances, and the court held that the defendant was not bound to notice those in his plea for that cause, and that the declaration was good for a breach of the covenant of seizin and right to sell.

The cases cited by the counsel for the defendant and principally relied upon in his argument, do not necessarily conflict with these principles. In *Hacker* v. *Storer*, 8 Greenl. 230, the suit was by one claiming title from the defendant through various mesne conveyances. In each count a breach of all the covenants was alleged. Upon the trial it appeared that in fact the defendant was not seized at the time of his conveyance. The covenant of seizin being broken at the instant of the conveyance became a mere chose in action and was not assignable so as to enable the ·assignee to recover in his own name. When the covenant of seizin is broken, as nothing passes by the deed, the covenant of warranty which runs with the land, would not vest in the assignee, for there was no land conveyed to which it could attach. In *Fairbrother* v. *Griffin*, 1 Fairf. 91, the breach assigned was of a non-existing covenant, so that no cause of action was set forth in the declaration. Besides, the suit was on a covenant running with the land and was not broken till after the plaintiff had parted with his title, so that the right of action, if any, vested in his grantee. In *Swift* v. *Patrick*, 2 Fairf. 181, it was decided that when some of the counts were good and some bad, upon general demurrer, the plaintiff was entitled to judgment upon those which were good. As in that case, one count was free from all exception, it became of less importance carefully to scrutinize the other. In none of these cases was the question, now before us, discussed, considered or

determined.   Indeed the very authorities which establish the position that in case of demurrer to a declaration containing some counts, which are good and some which are bad, equally sustain the position that the plaintiff's right to recover on a breach well assigned is not to be defeated by reason of some breach ill assigned in the same count.   *Powduh* v. *Lyon,* 11 East, 566.   The declaration is adjudged good. The plaintiff is entitled to recover on the covenant of seizin the consideration paid for the ten and three-fourth acres of which the defendant was not seized with interest to the time when judgment shall be rendered.

SHEPLEY, C. J., TENNEY, HOWARD and RICE, J. J. concurred.                 *Declaration adjudged good*
                                *and judgment for plaintiff.*

*Lancaster* and *Baker,* for the defendant.

*Fuller* and *Edwards,* for the plaintiffs.