Rhode Island Mortgage Security Corporation &c. vs. Century Indemnity Company

No. 88539.

May 7, 1932.

BAKER, P. J. Heard on demurrer to the declaration.

This is an action of debt on bond and the plaintiff has made use of the short form of common law declaration such as is found in the text books and in the Rhode Island Book of Forms.

The defendant has demurred on the ground that the declaration is uncertain and insufficient and, in particular, that there is no assignment of the breaches of the bond.

It is quite clear from an examination of the authorities that by the early common law the plaintiff was not bound to assign breaches in his declaration in an action on a bond because he had judgment and execution for the penal sum of the bond. The statute of 8 and 9 Wm. III, C. 11, Sec. 8, was passed in order to meet this situation and in order to compel the plaintiff to show on the record in a Court of law the amount of the debt actually due.

In this country this matter of pleading in actions on bonds is now largely covered either by statute or by code in the different jurisdictions. The question is raised in this case by the defendant as to whether or not the statute of 8 and 9, Wm. III is part of our common law. There seems to be very serious doubt about this. In the case of *Bailey* vs. *Rogers et al.*, 1 Me. 186, it was clearly decided that this statute was not part of the common law of that State.

The Court is of the opinion that this statute is probably not part of our common law in this jurisdiction. In this State we have no code or statute regulating the pleadings in an action of debt on bond and undoubtedly the common law in this regard is now in effect here. This being so, after careful consideration the Court has come to the conclusion that in the case now before it, the plaintiff is not obliged to assign breaches of the bond in the declaration. The practice to be observed is apparently set out in Vol. 9 C. J. page 113 as follows:

"In the absence of statute to the contrary where the breaches are not assigned in the declaration, the usual course of pleading is for defendant, in his plea, to set out the condition and to plead performance generally on which plaintiff must assign the breaches in his replication or reply."

See also Vol. 9 C. J. page 99, and Ency. Pl. & Pr. Vol. 3, p. 655.

The demurrer is overruled.

For plaintiff: I. S. Horenstein & W. W. Blodgett.

For defendant: Sherwood, Heltzen & Clifford.