Mr. Justice CLIFFORD,
delivered the opinion of the . court.
Fifty bonds, of one thousand dollars each, were issued by the corporation defendants on .the first day of January,,1852, in payment of a subscription of fifty thousand dollars, previously made by the o'rder of .the common council of the city, to the capital stock of the Ohio and Mississippi Rail-' road Company. , Authority to subscribe for such stock,,and ■ to issue such bonds,- under the conditions therein specified, is conferred-upon the corporation by the eighteenth section of their -'charter. ■ Said bonds were negotiable, and were made payable in twenty-five years from date, with interest at six per cent, per annum. Interest warrants, or coupons, , were attached to.the several bonds, for t-h.e payment of each year’s interest, till the principal of the bonds should fall due.
Plaintiffs became the holders for value of all of the bonds, together -with the coupons thereto attached, and the defend-. ants, having neglected and refused to pay the interest for the three years specified in the record, -the. plaintiffs brought,an . *88 action of assumpsit, to recover the amount, of the unpaid interest, as represented in the respective coupons for those years. Their claim was set forth in, the declaration in a special count, alleging 'the substance of the facts as above stated, and the declaration also contained a second count for goods sold and delivered, which also embraced the common counts. Separate demurrers were filed to the respectiye counts, but they were overruled by the court, and were afterwards withdrawn by the defendants. They also pleaded the general issue, called, in the record, the first plea, tvhich was subsequently withdrawn.
Seven special pleas, numbered from two to eight, inclusive, were also filed by the defendants to the special count, but the withdrawal of the general issue left the second count without any answer.
' Second plea alleged that, the bonds and coupons described in'the special count, were issued without any good or valuable consideration.
Third plea alleged that the corporation was not authorized to issue the bonds to the railroad company, because the company was not chartered to construct a railroad to the city.
Fourth plea' alleged that a majority oí the qualified voters of the city did not, at an annual election, signify their assent to the making of the subscription to the stock, as required by law.
Fifth plea alleged that the bonds and. coupons were null and void, because the railroad company was not a company chartered to make a road to said city.
Sixth plea alleged that the bonds and coupons were null and void, because the subscription to the stock was made, and the bonds and coupons were issued, before the road was located to the city, and before the railroad company had determined to make the location.
Seventh plea alleged that the bonds and coupons were null and void, because the stock of the company, before it was issued to the' defendants, became of no value through the mismanagement of the directors, and was wholly worthless.
*89 Eighth plea alleged that the bonds and coupons were null and void, because the proper officers of the city never'sold ■ and delivered them, as required by law, but that the company, obtained the possession of the same without süch sale, and without authority. ,
Notice to the plaintiffs -of the respective defences, so pleaded, is alleged in each of the several pleas. Si? only,' of the eighteen replications filed by the plaintiffs, remain, to be examined, as all the rest of the series were subsequently withdrawn without objection, or were held to be bad on demurrer.
■Those'not withdrawn, are the first, second,-fifth, sixth, eighth, and tenth of the series, as appears by a careful in7 spection of the transcript. Of these, the first was to the second plea, and set úp a former judgment rendered in favor of the plaintiffs, May Term, 1856, of the Circuit Court for the County- of Dearborn, in thé State of Indiana, in' a certain action brought by the plaintiffs against the defendants,' to recover the amount of the coupons attached to the same fifty bonds, which fell due the first1 day of January next preceding the rendition of thé j udgment, and the plaintiffs prayed judgment, if the defendants ought to be admitted to aver against that record, that the bonds and coupons were issued without any good or valuable consideration.
Second replication was to all the pleas, except the first, and set up a former judgment recovered by the plaintiffs, May Term, 1857, in the Circuit Court of the United States for the District of Indiana, in an action of assumpsit, against the defendants, for the amount of another set of the coupons attached to ,the sáme fifty bonds.. .
Fifth replication was to the third, fourth,- fifth, sixth, seventh, and eighth pleas; and ;also set up ,the judgment recovered in the Circuit Court of Dearborn County, as described in the first replication, and substantially in the same form.
Sixth replication was to the fourth plea only, and set - up the same judgment, and in the same form as pleaded in the. fifth replication.
*90 Eighth replication was also to the fourth plea, and alleged that the defendants were- estopped, by the recital in the bonds, from.'denying that a majority of the qualified yoters of the city, at an annual election, signified their assent to the subscription.
Tenth replication was to the third, fifth, and .sixth pleas, -, and set up the proceedings of the city council therein recited, as an answer to the said- several pleas.
Defendants demurred specially.to each of the several replications, but the court overruled the respective demurrers, and held that the several replications were sufficient.
Leave was granted to the defendants, at the same time, to rejbin, and on a subsequent day-they appeared and filed a rejoinder to the second replication.
Parties also filed an agreement, at the same time, to the effect that the rejoinder should be regarded as pleadpd to all the replications adjudged good, except the tenth, which was the second replication to the third, fifth, and sixth pleas.
Substance and effect of the matters alleged in the rejoinder were, that the plaintiffs recovered another judgment against the defendants in the Circuit Court for said Dear-born County, in a suit founded on another and different set of the coupons attached to the same fifty bonds, and that the Supreme Court of the State, on appeal, reversed the judgment for error, and remanded the cause for further proceedings.
Plaintiffs demurred to the rejoinder, and the court sustained the demurrer, and held that the rejoinder, was bad. Thereupon the parties waived a jury, and submitted the cause to ’-the court for the. assessment' of damages, and the Court,' having heard all the evidence introduced by the parties, rendered judgment for the plaintiffs in the sum of ten ’ thousand five hundred and thirty-four dollars and fifty cents damages, and costs of suit.
1. Judgment having been rendered for the plaintiffs, the defendants tendered a bill of exceptions, which was allowed by the presiding justice, and signed and sealed. Statement id the bill of exceptions is, that the parties submitted the *91 'cause to the court tipon the record and the evidence therein set forth; but it is obviousthat, when.it was submitted, there was nothing léft to.be done except to compute the,damages.
None' of the pleadings terminated in issues of fact, except such as had been withdrawn or waived' by one si.de or the other,,and all the issues of law had beep determined against-the defendants. When the defendants withdrew the general, issue, and left the second countin the declaration without auy answer, the plaintiffs, as upon nil dieii, might have moved for. judgment for the want of a plea, but they did'not submit any such motion, and both parties proceeded thereafter throughout the trial as if there was but onecodnt in the declaration.*
Vjewed in the light of the proceedings in the suit, subsequent to the withdrawal,of the -general.'issue, it m-usf be. understood that the second count was waived, as .there is riot, a word in the record to support the proposition assumed; by the plaintiffs, that the judgment was rendered on that count.
2. Every issue'of fact having been withdrawn, and every issue of law. in which the other pleadings terminated having, ■ been deóidéd in- favor of the plaintiffs, they were clearly entitled to’judgment-on the first count. , Irrespective,-therefore, of the bill of exceptions, ,the .writ-of error, brings, here for review-the decisions of the court .below, in overruling, the demurrer of the defendants to .the terith'- replication of the plaintiffs, and in sustaining the. demifrrer of the plaintiffs .to the rejoinder of the defendants as filed to the first, second, fifth, sixth, and eighth replications of.the plaintiffs.
Such, being the state of the ease the decisions of the court below may be re-examined in this court without any hill of -exceptions', as thé questions are apparent in the record, arid arise upon demurrers to material pleadings on which'the ca.use depends.†
*92 3, Examination of the questions growing out of the decision of the court below in sustaining the demurrer'to the.defendants’ rejoinder will first be made, because if the objections taken to that decision are overruled, the questions involved in the other decision will be of no importance, as the plaintiff's in any event must prevail, and the judgment of the Circuit Court must'be affirmed. They must prevail in that event, because the several replications to which that rejoinder was filed, as extended and applied by the agreement of the parties, furnish a complete answer to all the special pleas of the defendants.
Before proceeding to consider the questions growing out of that decision of the court below, it should be remembered that the defendants, in filing the rejoinder, waived their demurrers to all the replications to which it was filed. Applied as it was by the agreement, to all the replications not abandoned, except the tenth, it follows that all the demurrers except that filed to the tenth replication were waived.
Pleading over to a declaration adjudged good on demurrer is a waiver of the demurrer, and when a defendant files a rejoinder to a replication, previously adjudged good on demurrer, his act in pleading over must for the same reason ' be held to have the same effect.*
4. Extended argument to show that the matters alleged in the rejoinder are not of a character to constitute a sufficient answer to the several, replications to which it was filed is unnecessary, as it is scarcely so contended by the defendants. Undoubtedly the view of the pleader was to' set up an estoppel against the matters pleaded by the plaintiffs in their first, second, fifth, sixth, and eighth replications, and to claim ’the benefit of the rule that an estoppel against an estoppel opens up the whole matter and sets it at large; but the insuperable difficulty in the way of the attempt to apply that rule, even supposing that the former judgments are pleaded as technical estoppels, is that the matters pleaded in the re *93 joinder do not amount to an estoppel, as they merely show .that the judgment for the plaintiff, as recovered in that case in the court of original jurisdiction, was reversed in the appellate tribunal, and that the cause was remanded to the subordinate court for further proceedings. Second trials, often result in the sam.e way as the first, and certainly the reversal of the judgment under the circumstances shown in the allegations of the rejoinder is not conclusive evidence that the plaintiffs may not ultimately recover. .Unless a final'judgment or decree is rendered in a suit the proceedings in the same are never regarded, as a'bar to á, subsequent action. Consequently wheré the áction was discontinued, or the plaintiff became nonsuit, or where from any other cause, except perhaps in the case of a retraxit, no judgment or decree was rendered in the case, the proceedings are not conclusive.*
5. Suppose the rejoinder is bad, still the defendants contend that the replications to which it was filed, are also bad, and that they are entitled to judgment, as the first fault in pleading was committed by the plaintiffs. Doubts were entertained at first whether, inasmuch? as .the' demurrers were abandoned,after the replications had been adjudged good, the point was open to the defendants; but the better opinion is, that the waiver bf the demurrers left the rights of the.parties in the samé condition as they would have been if the de- • murrers Had never been filed. Conceding that to be the rule,, then it is clear that the defendants may go back and attack the sufficiency of the replications, as it is the settled rule of law in "this court in respect to dem'urrers, that although the pleadings demurred to may be bad, the court will nevertheless give judgment against tljie party whose pleading was first defective in substance. †
*94 ' Statement of the.rule by Stephen is, that on demurrer tq the replication, if the court think the replication bad, but perceive a substantial fault in the plea, they will give judgment, not for the defendant but for the plaintiff, provided' the declaration be good;1 but if the declaration also be bad ini' substance, then upon the same principle judgment would be given for the defendant.*
Apart, therefore, from their own demurrers, and solely by virtue.of. the plaintiffs’ demurrejr to their rejoinder, the defendants may go back and attack, the plaintiffs’ replications, but they cá,n do so only as to defects of substance, as it is well settled that the'rule applies only where the antecedent pleading i's bad in' substance, and that it does not extend to mere matters of form.† Mere formal objections, therefore, to- the replications, will not be noticed, as such objections are not open under the pleadings, in this record.
6. Four of the replications sqt up, the two former judgments, and as they involve the same questions, they will all be considered together Duly exemplified, copies of those" judgments are exhibited in the transcript, and they are well described in the replications. When the record of a former j udgment is set up as establishing some collateral feet involved in, a subsequent controversy, it must be pleaded strictly as an'estoppel, and the rule is, that such a pleading must be framed with great certainty, as it cannot be aided by any intendment. Technical estoppels, as contended by the defendants, must be pleaded with great .strictness, but when a former judgment is set up,.irrbar of an action, or as having.determined the entire merits of the controversy, it. is not req'uired to be pleaded with any greater- strictness than any-other plea in bar, or any plea in avoidance of the *95 matters alleged in the antecedent pleading of the opposite party.*
Same' rule applies to a replication as to a- plea, as the plaintiff Cannot anticipate what the. defence will be when he frames his declaratibn. Cases arise, also, where the record óf the former suit does not show the precise point which was decided in’ the former suit, or does" .not show it With sufficient precision; and. also where the, party, retying on the former recovery, had no opportunity to pleád it;.-but it is not necessary to .consider those topics, as no such questions are direetly presented in this Case for decision.
Aside from all these questions, and independent oF the form of the replications, the defendants make two objeclons to the theory, that the former judgments, set up in this case, are a conclusive answer to the respective defences,pleaded in their several special pleas.
> First. They contend1 that a judgment on demurrer is not a bar'to a subsequent action between, the sanie-parties dor the same cause of action, unjess the record of the former action shows that the demurrer extended'to all the disputed ’ facts involved in the second suit,, nor unless, the subsequent suit presents substantially .the same .questions as those determined in the former-suit. Where the second suit presents no new question, they concede that the judgment in ■the former suit, though rendered on demurrer, may be a bar to the second suit, but they maintain that it can never be so regarded, unless all those cónditions concur.
Secondly. They also deny that a former judgment is, in any case, conclusive of any matter or thing involved in a subsequent controversy,-even between the same parties for the same cause of action, except as to the precise point or points actually litigated ’and determined in -the antecedent trial; and they insist that none of the defences set up in their several special pleas were directly presented and determined in-either of the former suits,, as supposed by the plaintiffs,
*96 7. /Identity' of the parties, in the former suits, with the parties in the suit at bar, is beyond question, and it cannot •be successfully denied that the cause of action, in' the former "suits, was the sabre as that in the .pending action, within the meaning of that requirement, as defined by decided cases pf the highest authority. Where the parties are the same, the legal effect of “the former judgment as. a bar is not impaired, because the subject-matter of the second suit is different, provided the second- suit involves the same title, and depends upon the same quéstion.* Second suit for,trespass was held, in the case of Outram v. Morewood,† to be barred by the-record of a former judgment, between-the same parties, recovered long before the second trespass was committed, as it appeared that the same.title, was- involved in both cases. Precisely the same rule was also laid down in the cáse of Burt v. Sternburgh,‡ and the reason assigned in its support was, that the plaintiffs’ right of recovery,, and the. defence set up in the .second action, depended on the same title as that involved in the former suit. -So, where an importer and two, sureties executed two. bonds for duties, and -the principal being insolvent, one of the sureties paid the whole amount and' brought a suit against the other surety for contribution on the bond which first fell due, and was defeated, on a plea of release,'by the obligee, with his own consent, the judgment was held in a subsequent suit for contribution for the amount paid on the other. ’bond, to bé a-conclusive bar to the second claim, it appearing that both bonds were given -at the same time,' upon the same consideration, and as parts of one. and the same' transaction.§
■ Different bonds, it will be noticed, .were- described in the twq declarations, bút the decision of the court. was placed .upon the.ground, that thb mases weré precisely alike,'as to’ the'right of the plaintiff to demand, and the duty of. the defendant, ás a co-surety, to. make contribution. Nothing is better settled, say .the,court, than- that,the judgment of a *97 court of concurrent jurisdiction, directly upon the point made' in the suit, is conclusive between the same parties, upon the same subject-matter, and they referred to the case of Gardner v. Buckbee,* as directly in. point, and there can be no doubt, that it is entirely analogous.
Substance of the material facts in that case was, that two notes had previously been given by the defendant for the purchase-money of a vessel, which he refused to pay; and in the suit on the first note the defence was, that it' had been obtained by fraud, and the judgment was-for the defendant ; and in a subsequent suit on the other note, that judgment was held to be conclusive as to the question of fraud.
Weighed in ,.the light of those decisions, it is quite clear that the cause of action, in the legal sense, is the same in the .case at bar as that in the respective former judgments set up in the four replications under consideration.
In the suit determined in the State court, the declaration alleged to the effect that the defendants, under the authority conferred on the corporation by virtue of their charter, subscribed for fifty thousand dollars of the' stock of the, railroad ' company; that the company was chartered to construct,'and was then constructing á railroad to said city; that a faiajority of the qualified voters of the city signified their asseut to the "subscription by-expressing on their tickets, at ah .annual election in said city, that they were in favor of the same; that the defendants issued and sold the bonds to raise the funds to pay for the stock, and that the plaintiffs purchased the bonds and bfecaihe the holders of the same and of the coupons thereto attached.'
Defendants demurred to the declaration, but the- court-overruled the demurrer, and they subsequently-filed an answer, setting up two defences: 1. That the location of the railroad was not established through the city till after.,the subscription. 2. That the company was not chartered to construct, and was not; at the date of 'the subscription, constructing a railroad to the city.
*98 •Plaintiffs demurred. to the first answer, and'the demurrer w;as sustained by the court; and to the second defence they replied that the company located their railroad through the' city before the bonds Were- delivered, and the defendants ■ •derhurred to the. replication, but the-'court overruled the demurrer.
■ Concluding statement of the record is, that “ the said city, , not ciesiring to controvert the facts stated in said reply,' but adtaitting the same,” judgment is rendered for the plaintiffs.
Second judgment set up in the replications, was rendered in the Circuit Court of the United States, in a suit on another sét of the coupons attached to the same fifty bonds, and’the declaration alleged that the defendants, by virtu.e of the power - conferred in their charter, did lawfully and in due' form execute and issue the bonds under the seal of the corporation, and that the plaintiffs, for a valuable consideration, became the legal holders and bearers of the same, and of the coupons thereto attached.
Special demurrer to the declaration was filed by the defendants, and they showed for cause, among other things,' that it did not allege that the bonds were issued in pursuance of such a vote of- the inhabitants of the city as the charter required. Both parties were heard, and the court overruled the demurrer and gave judgment against the defendants for the amount of the coupons, with interest. I11-..spectión of those records, therefore, shows .that the several questions involved in the present,suit, as to the validity of the bonds, the-time and'plaeeof the location of'the railroad, and the alleged failure to secure the'antecedent assent of a majority of the qualified voters of the city, were all put in issue in those cases. They w,e$e not only put .in issue but' they Were determined, unless it be. denied that the effect of, a, demurrer to fhe declaration or.other .pleading, is that it admits all such. matters of fact, as are sufficiently pleaded. Such a denial, if made, would be entitled tono weiglit, as it is a rulé universally acknowledged.*
*99 Foundation of the rule is that the party demurring, having had his option to plead or demur, shall be taken, in adopting the latter alternative, to admit that he has no ground for denial or traverse.*
On the overruling of a demurrer, the general rule is that judgment for the plaintiff is final if the merits are involved, but a judgment that a declaration is bad, cannot.be pleaded as a bar to a good declaration for the same cause of aetjon, because such a judgment is in no just sense a judgment upon the merits.† Other'exeeptional cases might be named, but it'is unnecessary, as none of them can have any bearing on . this case.‡
Taken as a whole, the pleadings of the defendants in the respective cases amounted to a demurrer to the respective declarations, and the substantial import of th.e decision of ■the court imeach case, was that the declaration was sufficient ■to entitle the plaintiffs t.o judgment. Beyond question they were judgments' bn the merits, although .rendered on'demurrer ; and in such case the well-settled rule is that every material .matter of fact sufficiently pleaded is admitted.
Since the resolution in Ferrer’s Case,§ the general principle has always- been conceded, that when on'e is barred in any action, real or personal, by judgment on demurrer, confession,or verdict, he is barred as to that or the like action ,of the like nature for the samé thing forever.
, Objection was taken in the ease of Bouchaud v. Dias,ǁ that the former judgment.between the parties could not be a bar to the subsequent action, because it was rendered on demurrer to the defendant’s plea, but the court held that it made no difference in principle whether the facts upon which the court proceeded were, proved by competent evidence, or whether they were admitted by the parties; and'they also neld that an admission, by way of demurrer to a pleading, in which the facts are alleged, must be just as available to *100 the opposite' party as though the admission had been made ore iercws-before a j,ury.*
•. Reference to cases decided m other jurisdictions, however, is unnecessary, '¿s this court decided, in the case of Clearwater v. Meredith,† that on demurrer to any of the pleadings which are in bar of the action, the judgment for either party is the same as it would have been on an issue of fact joined upon' the same pleading, and found in favor of the. same party. ‡
Defence of a former judgment rendered, upon general demurrer to the declaration was also set up in the caseyff Goodrich v. The City,§ and this court held that it was a good answer to the suit, although the appellant insisted that it was not", because the judgment was rendered on demurrer.
8. Unsupported as the second proposition of'the defendants is, as to the theory of fact on which it is based, it will not require any extended consideration. Much doubt and perhaps uncertainty exist in judicial decisions as to the lim- ' its, in certain Cases, within which the conclusive effect of a judgment is confined by law as' expressed in the maxim,
' Nemo defiet bis vexaripro una et eadum causa, and also as to'the. manner" in, which the former judgment in that class of cases should be taken advantage of by the party.ǁ
But it is believed that the case at bar may be decided without encountering, any of those conflicting opinions, as they occur chiefly where the party claiming, the benefit of the former judgment failed--to plead it at the first opportunity, or where no such opportunity was presented, and it wasintroducecL-under-the,general issue. Decisions made in such cases were cited at tb^ argument, b.ut they afford very little aid in the solution of any question arising in this record; Remark-'should also be,made, that the several replications *101 set up the former judgments, not merely as settling some collateral fact involved in the case, but as having determined the entire merits of the controversy involved in the pleadings.*
Such a case falls directly within the rule that the judgment of a court of concurrent jurisdiction, or one in the same court directly on the point, is, as a plea, a bar, and conclusive between the samé parties upon 'the same matter directly in question’ in a subsequent action.†
When not pleaded, but introduced as evidence under the general issue, the judgment, it was said in that case, was equally conclusive between the parties; but that point will not lje considered in this case, as it is in no manner involved in the pleadings. Express determination t>f the court, also, in the case of Outram v. Morewood,‡ was, that the rule that a recovery in one action is a bar to another, is not confined to personal actions alone, hut that it extends to all actions, real as well as personal.
Repeated decisions established the rule, in the early history.of the common law, that where a judgment was rendered on the merits it barred all other personal suits, except such as were of a higher nature, for the same causé of action.§
Judgment in a writ of entry is not a bar to a writ of lfight; but the meaning of the rule is, that each species of judgment is equally conclusive upon its own subject-matters by way of bar to future litigation for the thing thereby decided. Hence, the verdict of a jury, followed by a judgment or a decree in chancery, as held by this court, puts an end. to all further controversy between the parties to such suit, and'it has already appeared that a judgment for either party on' demurrer to a pleading involving the merits, is the sanie as it would have been on an issue in fact, joined upon the same pleading, and found in favor of the same'party.ǁ
*102 Determination of this court, in the case of Aspden v. Nixon, * was that a judgment or decree, in order that it may be set up as a bar, must have been rendered by a court of comr petent jurisdiction upon the same subject-matter, between the same parties, and for the same purpose; and in the case of Packet Co. v. Sickles,† the decision was, that “ the essential conditions under which the exception of the res judicata becomes applicable are the identity of the thing demanded, the identity of the cause of the demand, and of the parties in the character in which they are litigants.” Attempt was máde in that, case, as in this, to maintain that the judgment in the first suit could not'be held to be an estoppel, unless it was shown by the record that the very point in controversy waá distinctly presented by an issue, aud that it was explicitly found by the jury;, but the court held otherwise, and distinctly overruled that proposition, although the defence of estoppel failed for other reasons'.
Courts of justice, 'in stating the rule, do not always employ the same language; but where every objection urged in the second suit was open to the party within the legitimate scope óf the pleadings in the first suit, and might have been presented in that trial, the matter must be considered as having passed in remjudieatam, aud the former judgment in such a - case is conclusive between the parties.‡
Except in special cases, the plea of res judicata, says Taylor, applies not only to points upon which the court was actually required to form an opinion and prónounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising,reasonable.diligence, might haVe brought forward at the time.§
Substantially the same rule was laid down in the case of Outram v. Morewood,ǁ in which the court said'that “a recovery in one suit upon issue joined on matter of title, is' *103 equally conclusive upon the subject-matter of such title” in any subsequent action, as an estoppel.'
Better opinion is, that the estoppel, where the judgment was .rendered upon the merits, whether on demurrer, agreed-statement, or verdict, extends to every material allegation or statement which, having been made-on one side and denied on the other, was at issue in the cause, and was determined in the course of the proceedings.*
The allegation in the case-of Ricardo v. Garcias,† was, that the matters in issue oh the second suit were the same, and not in any respect different from the .matters in issue in the former suit, and' the House of Lords held that the plea was sufficient — evidently deciding that nothing was open in the second suit which was within the scope of the i&sue- in the fobmer trial.‡ Properly construed, the opinion of .this court on. this point in the case of the Packet Company v. Sickles,§ is to the same effect, as plainly appears in that part of ' it in which the court say that if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter in question, it will be considered as haying settled that matter as to all future aptions between the parties. Applying that rule to the case at bar -it is clear that a judgment rendered on demurrer settles every matter which was well alleged in the pleadings of the. opposite party.
, 9. Separate examination of the authorities cited by the defendants, in vifew of their number, is impracticable,'but it will appear, if they are carefully read and. rightly applied,that they do not support the proposition under consideration.' Ou the contrary, the (decision of the court in the. ease of Gilbert v. Thompson,ǁ is that a judgment in a former action is conclusive where the same cause of action was adjudicated between the same parties, or the same point was put in issue on the record and directly found by'the verdict of a jury;'and the case of Merriam v. Whittemore et al.,¶ is precisely to th *104 e same effect. Unguarded expressions are found in the'opinions ,in the case of Carter v. James,* but the decision turned upon the point that, the causé of action was not the same in the pending suit as that litigated in the former action. For these reasons our conclusion is that the decision of the Circuit Court in sustaining the demurrer of the plaintiffs .to the rejoinder of the. defendants was correct, and that the plaintiffs were thereupon entitled to judgment.
10. In such cases, where the sum for' which judgment should be rendered is uncertain, the rule in the Federal courts is that the .damages shall, if either of the parties request it, be assessed by a jury.†
But if the sum for which judgment should be rendered is certain, as where the suit is upon a bill of exchange or promissory nofe, the computation, may bé made by .the court, or what is. more usual, by the clerk;; and the same course may be pursued even when the sum for which judgment should be rendered is uncertain if neither party request the court •-to call a jury for -that purpose. Common law rules were substantially the same, except that “the court themselves • might, in a large class of cases, if they pleased, assess, the damages,, and thereupon give final judgmént.”‡
.Evidently a jury in. this case, was not necessary, but it was-not errorfo hear proofs Under the submission, as both parties.assented to the course pursued.
Exceptions were taken to the ruling of the court in allowing interest upon the • coupons, and the bill of exceptions states that the exception of the defendants was allowed, but it ¡does not state what amount- of interest was included in the judgment, nor give the basis on which it was computed. Judging from the amount of the sum found due, it is, perhaps, a necessary inférence that interest was. allowed on each coupon from the time.it fell due to the date of the judgment, and if so, the finding was correct.
*105 Bonds and coupons like these, by universal usage and consent, have all the qualities of commercial paper.* Coupons are written contracts for the payment of a definite sum of money, on a given day, and being ¡drawn and executed in ' 'a form and modeifor the very purpose, that they maybe separated from the bonds, it is held that they are hegotiable, and that a suit may be maintained on them without the necessity of producing the bonds to which they were attached.† Interest, as a general rule, is due on a debt from the time . that payment is unjustly refused, but a demand is not necessary on a bill or note payable on a given day.‡ Being written contracts for the payment of money, and negotiable because payable to bearer and passing from hand to hand,’ as othér negotiable instruments,At is quite apparent on. general principles that they should» draw interest after payment of the principal is unjustly neglected or refused.§ Where there is a contract to pay money on a day fixed, and the contract is broken, interest, as a general rule, is allowed! and' that rule is universal in respect to bills and notes payable on time.ǁ Governed by that rule this court in the case of Gelpcke v. Dubuque,¶ held that the plaintiff, in a case entirely analogous, was entitled to recover interest.**
Necessity for remark upon the other exceptions is superseded by what has already been said in respect to the plaintiffs demurrer.
Judgment affirmed, with cost's.

 Hogan v. Ross, 13 Howard, 173; 1 Chitty’s Archbold's Practice (11th ed.), 288; 1 Tidd’s Practice, ed. 1856, 563; Stephen on Pleading, 108; Bisbing v. Albertson, 6 Watts & Sergeant, 450; Cross v. Watson, 6 Blackford, 130.

 Suydam v. Williamson et al., 20 Howard, 436; Gorman et al. v. Lenox, 15 Peters, 115.

 United States v. Boyd, 5 Howard, 29; Jones v. Thompson, 6 Hill, 621 ; Clearwater v. Meredith, 1 Wallace, 42.

 Wood v. Jackson, 8 Wendell, 9; Reed v. Locks and Canals, 8 Howard, 274; Rex v. St. Anne, 9 Q. B. 884; Greeley v. Smith, 1 W. & M. 181; Knox v. Waldoborough, 5 Maine, 185; Hull v. Blake, 13 Massachusetts, 155; Sweigart v. Berk, 8 Sergeant & Rawle, 305; Bridge v. Sumner, 1 Pickering, 371; 2 Taylor on Evidence, 1528; Harvey v. Richards, 2 Gallison, 231; Ridgely v. Spencer, 2 Binney, 70.

 Cooke v. Graham, 3 Cranch, 229; Sprigg v. Bank of Mount Pleasant, 10 Peters, 264; United States v. Arthur, 5 Cranch, 261; Clearwater v. Mere *94 dith, 1 Wallace, 38; 1 Chitty’s Pleadings, 668; Gorman v. Lenox, 15 Peters, 115.

 Stephen on Pleading, 143; Mercein v. Smith, 2 Hill, 210; Matthewson v. Weller et al., 3 Denio, 52; Townsend v. Jemison, 7 Howard 706.

 Tubbs v. Caswell et al., 8 Wendell, 129; Bushell v. Lechmore, 1 Ld. Raymond, 369.

 Gray v. Pingry, 17 Vermont, 419; Perkins v. Walker, 19 Id. 144; 1 Greenleaf on Evidence, 12 ed. 566; Shelley v. Wright, Willes, 9.

 Doty v. Brown, 4 Comstock, 71.

 3 East, 346.

 4 Cowen, 559.

 Bouchaud v. Dias, 3 Denio, 243.

 3 Cowen, 120.

 1 Williams’s Saunders, 337, n. 3; Stephen on Pleading, 155; 1 Saunders on Pleading and Evidence, 952; 1 Chitty’s Pleading, 662.

 Manchester Bank v. Buckner, 20 Howard, 303.

 Gilman v. Rives, 10 Peters, 298.

 Richardson v. Boston, 24 Howard, 188.

 6 Reports, 7.

 3 Denio, 244.

 Perkins v. Moore, 16 Alabama, 17; Robinson v. Howard, 5 California, 428

 1 Wallace, 43.

 Christmas v. Russell, 5 Wallace, 303; Nowlan v. Geddes, 1 East, 634.

 5 Wallace, 573.

 Broom’s Maxims (4th ed.), 321; Sparry’s Case, 5 Reports, 61.

 Stafford v. Clark, 2 Bingham, 377.

 Rex v. Duchess of Kingston, 20 State Trials, 538.

 3 East, 357.

 Hutchin v. Campbell, 2 W. Blackstone, 831.

 Hopkins v. Lee, 6 Wheaton, 113; Lawrence v. Hunt, 10 Wendell, 83; Wood v. Jackson, 8 Id. 9; Young v. Black, 7 Cranch, 565.

 4 Howard, 467.

 24 Id. 341.

 Greathead v. Bromley, 7 Term, 455; Broom’s Legal Maxims (4th ed.), 824.

 2 Taylor’s Evidence, § 1513; Henderson v. Henderson, 3 Hare, 115.

 3 East, 346.

 2 Smith’s Leading Cases, 6th ed. 787.

 12 Clark and Finelly, 400.

 Stevens v. Hughes, 7 Casey, 381.

 5 Wallace, 592.

 9 Cushing, 348.

 5 Gray, 316.

 13 Meeson & Welsby, 137.

 1 Stat. at Large, 87, § 26; Renner et al. v. Marshall, 1 Wheaton, 218; Mayhew v. Thatcher, 6 Id. 129.

 2 Saunders on Pleading and Evidence, 218; 2 Archbold’s Practice, 709.

 Mercer v. Hacket, 1 Wallace, 83; Meyer v. Muscatine, Ib. 384.

 Knox Company v. Aspinwall, 21 Howard, 544; White v. Railroad, 21 Howard, 575; McCoy v. County of Washington, 7 American Law Register, 193; Parsons on Bills and Notes, 115.

 Vose v. Philbrook, 3 Story, 336; Hollingsworth v. Detroit, 3 McLean, 472.

 Delafield v. Illinois, 2 Hill, 177; Williams v. Sherman, 7 Wendell, 112.

 2 Parsons on Bills and Notes, 393.

 1 Wallace, 206.

 Thompson v. Lee County, 3 Wallace, 332.