LoriNG, J.,
delivered the opinion of the court:
As in theory we have no pleadings in this court, when they are brought here, it is not easy to determine what rules shall, be applied to them. Though under statutes and modern practice in the courts of common law a defendant may plead several pleas, he cannot plead double, and join two distinct issues in one plea; and, therefore, on the rules of pleading, the plea in this case is bad for duplicity. It is in form single, i. e., one plea; yet it pleads first a former judgment, rendered for the defendant in an action on the same contract, between the same parties, and then it pleads that the present claim was due when the former suit was brought, and both could and should have been joined in that former suit. These different matters were argued as distinct defenses, and on inquiry the Attorney-General said they were so intended. That the idea is bad for du *265 plicity would seem, therefore, to be plain, and that judgment would be required of us, if we are to apply to the subject of pleadings, when brought before.us, the rules of law that belong to it. And if we do not, but depart from those rules, it is not easy to foretell what consideration our abnormal record may receive in the appellate court.
The counsel for the petitioner has treated the double plea merely as an nntechnical means of presenting questions of law, and this may be all that the technical word “demurrer” means in our rules. At all events, passing the defect of form without notice waives it for this hearing, and therefore the course of counsel may be taken, and each of the two matters in the plea be considered separately.
The first defense in the plea is, that in a former suit between the same parties, on the same contract, a judgment was rendered for the defendants. To this, on the demurrer, it is objected, for cause, that the former judgment was not for the same cause of action.
As the effect of a former judgment is determined for us by the decisions of the Supreme Court, we are absolved from the necessity of considering any other.
In the case of Aurora City v. West, (7 Wall., p. 82,) a majority of the Supreme Court held as follows: “That the estoppel, where the judgment was rendered on the merits, whether on demurrer, agreed statement of facts, or verdict, extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined in the course of the proceedings.”
And on collating the records in the two cases, it appears that in the suit in which judgment was rendered, the only claim made, traversed, tried, or adjndgecl, was a claim for the nondelivery by the defendants of supplies to be transported, while-in this suit the only claim made is for the price of transportation of supplies that were delivered to and transported by the petitioner. The records, therefore, show not only that the causes of action were different in the two suits, but that the claim in this suit could not have been tried in the other, because it was not within the scope of its pleadings. In other words, in the former suit, in which judgment was rendered, the present claim was not heard “ on its merits;” “it was not made on' one side” “ nor denied on the other;” “ was not at issue in the- *266 cause” nor u determined in the course of the proceedings.” And, therefore, by the decision of the Supreme Court, the former judgment pleaded is not an estoppel or bar in the present suit.
The case cited from 7 Wallace is the last of a series of cases (6 Wheat., p. 109; 10 How., p. 419 ; 24 How., p. 333; 2 Wall., p. 35; 5 Wall., p. 530) determining the effect of a judgment as a bar or as an estoppel, and (except the two first) they were cited in 7 Wallace, by Mr. Justice Miller, in his dissenting opinion, to show that the previous decisions made the rule to be, “ that when a former judgment is relied on, it must appear from the record that the point in controversy was necessarily decided in the former suit, or be made to appear by extrinsic proof that it was in fact decided;” while by the decision in 7 Wallace the rule is, “ that whatever might have been within the scope of the pleadings in the former suit must be held as concluded by the judgment.” Whatever may be the difference of these rules in practical effect, the last decision in 7 Wallace makes the law for us, and precludes utterly the defense now under consideration; for, as stated, the records show that the claim made in this suit was not within the scope of the pleadings in that suit.
The second defense in the plea is, that the present claim had accrued “ at the filing of the petition and the commencement of said former suit, in which judgment was rendered as aforesaid.”
It is observable that this defense does not rely at all on the effect of the judgment, as such, either as a bar or an estoppel, and therefore authorities as to the effect of a judgment have no application to the defense we are considering now.
That defense consists merely of the allegation that the claim now sued and that sued before on the same contract were both due when the former suit was commenced, and that the allegation is immaterial is shown by the legal requirements of the plea of a former suit pending. To admit of that plea, it must always be the.case that the .claim in the second suit was due when the first suit was brought, and the plea must aver that both suits are for the same cause of action, and if that is not averred, the plea is bad and no defense; and the necessary meaning of that is, that if the two suits are not for the same cause of *267 action, they may both be maintained; and we have seen that the two suits here are for different causes of action.
The rule of law invoked for this defense relates in no way to • judgments, but only to the multiplicity of suits ; and it applies only to a single debt, arising upon a single consideration in an entire contract; and it seeks only to prevent the division of that single cause of action; and neither its reason nor its letter has any applicability to distinct causes of action arising upon distinct and independent covenants; and such are the covenants sued upon in the former suit, and in this by the established rule, stated in 2 Smith’s Leading Oases, page 25, in the author’s notes to Cutler v. Powell, as follows: “ When a covenant or promise goes only to part of the consideration, and a breach thereof may be paid for in damages, it is an independent covenant or promise, and an action may be maintained for the breach of it by the defendant, without averring performance or readiness in the declaration.”
And that rule was followed by the Supreme Court in the case of The Philadelphia, Wilmington & Baltimore Railroad v. Howard, (13 How., p. 307,) in which Mr. Justice Curtis said, in the voice of the court, as follows :
“The question is whether the covenant to pay was dependent on the covenant to finish the work by the first day of December,” and then the opinion thus proceeds: “We do not deem it needful to review the numerous authorities, because we hold the general principle to be clear, that covenants are to be considered dependent or independent according to the intention of the parties, to be deduced from the whole instrument; and in this case we find no difficulty in arriving at the conclusion that the covenants were throughout independent. There is in this instrument no terms which import a condition, or expressly make one of these covenants in any particular dependent on the other. The failure to perform on the day does not go to the whole consideration of the contract,” &c.
Now, all this and much more is true here. This contract contains no terms which import a condition or expressly make one of these covenants sued upon dependent on the other; and the failure to transport any one invoice of the supplies does not go to the whole consideration, or defeat the right to payment for other supplies actually transported. For the contract is express that the transportation actually done shall be paid for at so *268 much per mile per 100 pounds, for the transportation of different invoices of supplies to different places and for different distances ; so that the price for transportation of each invoice is to be measured by the distance traveled with it, and is conditioned on its delivery at its destination, and is not conditioned on the-fact that the contractor shall transport every invoice delivered to him to its destination before any payment is -earned on the-contract.
The contract provides that certificates described in it shall be given to the contractor by officers of the Quartermaster Department at specified places; and then it stipulates thus r “Upon each certificate so given, setting forth the good condition of the train, payment shall be made to the contractor for the service rendered to that point.” Therefore, when the service was rendered and certified to that point, the price for that service was earned, and, by the express provision of the contract, due and payable absolutely, and „the defendants could not object to the suit for that; before or after the service was rendered and its payment earned, the contractor had failed to transport some other supplies on some other part of the route. In other words, the contract contemplated and provided for partial payments, for and according to partial services, and therefore it did not condition the payment of the whole consideration as one entire sum, on the performance of the whole work, as one entire thing; and if this is so, then the covenants in this contract sued upon before and now are several and independent; and it has been seen that the two actions brought upon them are for different causes of action, and in such cases the independent covenants are (in the words of the text-book) (2 Parsons on Contracts, p. 40) separate contracts; and separate-contracts always are and always were suable separately; and it is because such covenants are separate contracts, and suable-separately, that a plaintiff suing on one need not aver performance of the other.
I am not aware that it has ever been held that a plaintiff must join in one suit co-existing breaches of separate contracts; and certainly no case has been cited to us which implies such a doctrine, or in which the court held that the covenants in a contract sued upon were independent and for different causes of action, and at the same time held that the co-existing breaches, of these independent covenants must be joined in one suit.
*269 Undoubtedly a plaintiff may join distinct causes of action, •which, admit of the same plea and the same judgment; but there is no rule of the common law which requires that different causes of action shall be joined in one suit, where they arise on •different contracts, or independent covenants of the same •contract. And in the nature of things there cannot be any ¡such rule, for it would require a plaintiff, who had two such distinct causes of action, both suable, but his evidence then attainable for one of them only, to wait for any length of time, within six years, till he had got his evidence for the other, and thus to take the risk of losing the evidence he had.
The principle of the common law is, that every wrong has its remedy; and the defendant who is in default on two distinct ^causes of action can claim no equity against two distinct suits. .And I think the only rule on the subject is the rule of practice •stated in Broom’s Maxims, p. 25, as follows: “Where two or ■more actions are brought by the same plaintiff, at the same time, . against the same defendant, for causes of action which might ■have been joined, the court or a judge at chambers, if they deem the proceedings oppressive, will in general compel the plaintiff to consolidate them and to pay the costs of the application.” And the instance Mr. Broom gives is where several actions are brought on the same policy of insurance. But this is merely a rule of pra'ctice, and Mr. Broom adds this: “ It should, however, be observed that it is purely a matter of discretion with the court.” ■
And if a plaintiff has the legal right to bring two actions on different causes of action at the same time, he has certainly the legal fight to bring the same two actions at different times.
It has been said that the plea involves two distinct matters of defense, and that the second defense, viz, that both claims were due when the former suit was commenced, does not use or rely on the effect of a former judgment as such; and the legally correct mode of dealing with the plea is to take it as a single plea, with a-single issue, in which the former judgment is only mentioned as inducement introductory of the fact of a former suit, in which the present claim might have been sued; and, so taken, the whole plea, though in effect a plea in bar, is analogous to a plea of a prior suit pending, and is, as such plea would be, fatally defective for not averring that both suits were for ■the same cause of action.
*270 The judgment of a majority of the court is that the plea be overruled. /
In the case of Andrew Stuart et al. v. The United, States the pleadings were substantially the same, and both actions were heard together, and the like judgment is rendered in the latter.
Drake, Oh. J.:
I concur in the judgment of the court sustaining the demurrer.
Nott, J., did not sit in this case, and took no part in the decision.