Nott, J.,
delivered the opinion of the court:
The United States brought their action against Edward Braden, the claimant here, and others, in the United States circuit court for the western district of Texas. The suit was brought against the defendants there upon their bond, in which Braden was principal and the others sureties. The declaration set up the bond and alleged a breach. |Evidence was given upon the trial, and a verdict rendered for the defendants. Braden now brings his action against the United States in this court upon their contract, and they allege against him a set-off or counter-claim, founded on his non-performance of the contract. The bond formerly sued upon by them was conditioned for the faithful performance of the same contract, and the breach which they then alleged as a cause of action is the ■same non-performance of the contract which they now set up ■as counter-claim.
Under the decision of the Supreme Court in Aurora City v. West, (7 Wall., 82,) it is clear that “ whatever might have been within the scope of the pleadings in the former suit must be held as concluded by the judgment,” and, under the cases cited by Bigelow on Estoppels, (p. 266,) it would seem that the claimant may set up the former verdict in this action, notwithstanding that his sureties were joined with him as co-defendants.
But the record of the circuit court, which the claimant produces and puts in evidence, contains no plea. It sets forth the declaration of the plaintiff, and shows that the case came to trial; that the parties were heard by counsel; that evidence was submitted to the jury, a verdict rendered for the defendants, and judgment entered thereon; but it does not in any way show what was the issue tried. If the plea was non est factum, the Government might have been beaten upon the bond and still have a good defense upon the contract.
In Paschal’s Digest (arts. 1442, 1443, 1444) the rules which govern the plea of non est factum in practice in the Texan courts are stated, but we can find no provision in the laws of that State which raises an issue without a plea, and the learned author of that work, whose wide experience in the laws of Texas as a writer, a reporter, and a judge entitles his opinion to great respect, speaking to the court as amicus eurice, advises us that there is no such artificial rule, and that a plea is indispensable *414 if an issue is to be raised. It is, therefore, we think, tolerably certain that the clerk, in making up the record, overlooked the plea.
Pursuant to an agreement between the parties when the case was submitted, it will be remanded to the general docket and continued for the term.
The Chief-Justice did not sit in this case, and took no part in the decision.