Ashburn, J.
The law of this case rests upon the answer to the following question, viz :
At the time the plaintiff commenced this suit, had she a right of action against the defendant for alimony ?
The court of common pleas answered the question in the affirmative, and, on a petition in error, the district court answered it in the negative.
We are to inquire which of these tribunals answei’ed correctly.
Under the provisions of the divorce and alimony act of March, 1853 (S. & C. 509), as amended from time to time, it is substantially provided: When a divorce is granted, *599 and alimony allowed by reason of the aggression of the husband, the wife is entitled to have such alimony allowed to her out of her husband’s real and personal property as the court may think reasonable, having due regard to the value of the husband’s real and personal estate at the time the decree for a divorce is granted. This allowance will be made payable in gross, or in installments, as the court shall deem to be just and equitable. At the same time; also, the care and maintenanpe of the children of such marriage, if any there be of an age requiring parental care, will be considered, and such decree made in relation thereto as shall to the court seem just and reasonable.
Under our statute, a divorce contemplates a final separation of the parties. Their paths in life henceforth di■verge, and, in legal contemplation, they are to each other as strangers. When not otherwise provided, we think the statute contemplates that, at the time of decreeing the divorce, the court will adjust all the pecuniary rights of the parties in relation to each other springing out of the marital relation about to be forever annulled. To this end the court is given full discretionary authority to make such order concerning the division of the property and support of the children as to the court shall appear, under all the facts and circumstances, just, equitable, and reasonable.
Once this discretionary power of the court, in allowing alimony, has been fully exercised in a case, it is ordinarily at an end — exhausted. So that, when once the court has allowed to the wife, what it considers just and equitable alimony in gross, and a divorce is at the same time granted, she will be deemed to have been allowed her just and equitable portion of her husband’s estate. The court may, however, in the exercise of a sound discretion, grant the dB vo ree, and make the alimony allowed payable in installments, and by continuing the alimony branch of the case, hold the parties and subject-matter, by proper orders, so under its eontrol, as to increase or diminish the allowance as equita? ble circumstances and justice shall require.
*600 Whether a case might not arise in which the court, in a proper exercise of its power, would, by reason of the changed circumstances of the parties, afterward interfere to adjust their pecuniary interests anew, as to the question of alimony, we are not now called upon to determine.
No facts or circumstances appear in this case to authorize a second allowance of alimony. In plaintiff’s action for divorce and alimony, she distinctly alleged her pregnancy. The allegation was not denied, and hence became an admitted fact on the hearing of the case. We do no violence to her rights to presume that when the parties agreed upon the amount of alimony she should receive from her husband, and the court confirmed the agreement, that both court and party considered that fact as a circumstance in the case.
If, by chance, the allegation of her condition in her petition escaped the attention of the court, the allegation could have been easily suggested to the court. In this action, plaintiff alleges that both the court and herself were ignorant of her condition. Although she plainly alleged her condition in her petition for divorce and alimony, by reason of the compromise of the parties, the allegation of pregnancy might have escaped the attention of the court, but her relation to the fact was such as to preclude ignorance on her part. When advised of the fact, if the court had refused to consider it, which is not probable, the statute gave her the right to appeal that branch of the case without giving bond.
It is a necessary implication, arising from the facts of this case, that plaintiff’ thought it best to agree with her husband as to her interest in his estate, and when that agreement was ratified by the court, her rights, as to alimony against defendant, were put at rest. Her claim on him in that respect was at an end.
The doctrine of estoppel applies to cases of this class. In Fischli v. Fischli, 1 Blackf. 360, which was a second action to adjust the question of alimony between the parties, it was held:
*601 “ Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the ease.”
This principle is of general application. The repose of society, in some degree, depends upon its proper application and enforcement.
This rule will not affect any right secured to a party by law in matters of set-off, counterclaim, or cross-action. All matters of action and defense coming properly within the scope of the suit or action, will be put at rest by the final determination of the action or suit, unless excepted by some provision of law. 27 Ohio St. 233.
That the former decree operates as a bar, will appear from the cases of Outram v. Morewood, 3 East, 345; LeGuen v. Gouveneur et al., 1 Johns. Cas. 492; Hitchin v. Campbell, 2 W. Blackstone, 826; Aurora City v. West, 7 Wall. 82; Grant v. Ramsey, 7 Ohio St. 138; Babcock & Co. v. Camp, 12 Ohio St. 11.
No question as to the custody of the child was involved in the case. It was already in her custody, and no one was disputing her right to its custody.
That a father is under legal obligation to support his child, we suppose is not questioned. We think, however, this action is not one in which such obligation can be enforced. That question must be settled in some other form of action.
The plaintiff is in legal contemplation a stranger to the defendant, and occupies the same relation to him in this case as though she had never been his wife, and hence the district court did not err in adjudging the costs against her.
Judgment of the district court affirmed, and case remanded to the court of common pleas.