## FULLER et al. v. HAMILTON COUNTY.

(Circuit Court, E. D. Tennessee, S. D. December 14, 1892.)

RES JUDICATA—FEDERAL AND STATE COURTS.
A final decision by a state court bars a subsequent suit in a federal court on the same cause of action as effectually when the issues involve questions of general commercial law and the general principles of equity, and the like, as when they involve the construction of a state law or constitution, or some local law, usage, or custom; and it is immaterial whether the cause was decided as a question of law, on a demurrer to the petition, or after a full hearing on issues of fact.

In Equity. Bill by John P. Fuller and others against the county of Hamilton, Tenn., to establish title to a half interest in certain lands, and to have a partition thereof. Heard on a plea of res judicata. Plea sustained.

Wells & Body, for complainants.
W. H. De Witt, for defendant.

KEY, District Judge. Complainants allege in their bill of complaint that they are the tenants in common with defendant in lots 42 and 44, Walnut street, Chattanooga; that they are the only children and heirs at law of Simeon Fuller, who died intestate in 1846, seised of one half fee-simple interest in said lots; that commissioners of Chattanooga, in 1839, conveyed said lots to Simeon Fuller and Moses Pressley, jointly, (brothers-in-law,) and the deed was duly recorded in the register's office of Hamilton county, in Book I, p. 399. It is averred that said half interest has never been conveyed by said Fuller, his heirs or representatives, but that Fuller held it as tenant in common with Pressley until his death, and that it is now held by complainants, nor have they been ousted therefrom, or notified of any repudiation or adverse claim or holding,—and deny that any adverse possession can be charged against them. It is alleged that the register's office of Hamilton county gives notice to the world that Fuller's interest has never passed from or been divested out of him or his heirs. It is further alleged that soon after this purchase Fuller was

absent, in a distant state, and intrusted to Pressley the care and oversight of the property; that Pressley for some time faithfully discharged the duties of his trust, and Fuller confided in him during his life, but that two years before the death of Fuller, which occurred in 1844, Pressley sold his interest in said lots to M. Whitley, of Georgia, and, in betrayal of his trust, he executed a deed to said Whitley in such way as to purport to convey the entire title to the lots, and, to conceal the fact, withheld the deed from registration until 1851, a period of seven years, so that the statute of limitations might bar an action for the recovery of the interest of Fuller. It is alleged that complainants' ancestor never knew, or had means of knowledge, of this fraudulent title; that he had no suspicion of the unfaithfulness of his agent and relative, nor did complainants; that the conveyance was fraudulent, and fraudulently concealed. It is averred that nothing occurred to suggest any idea or suspicion of the fraud until 1887, when complainant John P. Fuller, in examining some old papers of Pressley, discovered the original deed to Fuller and Pressley, and, finding no deed from Fuller to Pressley, his suspicions were aroused, and led to investigation and discovery of the fraud. Defendant, it is averred, derived title under the deed to Whitley, by a series of mesne conveyances, and had record notice of Fuller's interest, and had actual notice as well. The bill asks to have complainants' interest in said lots set apart and partitioned to them separate from defendant's interest therein. This bill was filed in this court on November 1, 1892.

On the 25th March, 1891, complainants filed a bill, and on 1st March, 1892, a supplemental bill, against defendant, in the chancery court of the state, for Hamilton county, in which it is alleged that they are tenants in common with defendant in lots 42 and 44, Walnut street, in Chattanooga, in said county; that they are the only children and heirs at law of Simeon Fuller, who died in 1846, seised of an undivided one-half interest in said lots; that in 1839 the commissioners of Chattanooga conveyed said lots to said Simeon Fuller and Moses Pressley, jointly, who were brothers-in-law; that the deed was registered in the register's office in said county, in Book I, p. 399; that the title to Fuller's interest in said lots was never conveyed by him or his heirs, and has never been divested out of them in any way, but remained in Fuller until his death, and in complainants since. It is averred that Fuller, soon after said purchase, was absent, in the state of Texas, and, having full faith in the integrity of his brother-in-law, gave him, by an express trust, which was accepted, the oversight, care, management, and preservation of the common interest. After the death of Fuller, complainants, having full faith in their uncle, and in his fidelity as trustee, were deceived and prevented from investigating their rights, and they so continued until 1887, when, examining some old papers belonging to their uncle's estate, the deed to their father and uncle, jointly, was discovered. This led to an investigation, when the following facts appeared, i. e.: In the year 1844, two years before the death of Fuller, Pressley had sold his interest in said lots to M. Whitley, of Walton county, Ga., and, in betrayal of his trust, accepted and acted upon, had fraudulently

executed the deed so as to purport to convey the entire title to the lots, and that Pressley and Whitley, to conceal their fraud, and intending to cheat Fuller, and conceal the fraudulent conveyance until after his death, and until after his estate should be settled, and to allow the statute of seven years to perfect the fraudulent title, withheld the deed from registration until 1851,—seven years after its execution, and five years after the death of Fuller; that it is recorded in Book H, vol. 1, p. 310; that the defendant, in 1875, became the owner of Pressley's interest, having record notice of complainants' title and of Pressley's fraud. It is alleged that complainants have not slept upon their rights, nor have they been guilty of laches or negligence; the discovery of their rights not having been made until 1887. They pray that they may have decreed to them their undivided one-half interest in said lots, in severalty, from the interest of defendant. To these bills, the original and supplemental, the defendant demurred upon various grounds, including laches, the statute of limitations, want of specific reasons for the delay in asserting their claims, and other causes, less important, perhaps. April 15, 1892, the cause came on to be heard upon this demurrer before the chancellor, who decreed that "the causes of demurrer are well taken and sustained, and the bill of complainants dismissed." From this decree, complainants appealed to the supreme court of the state, and on the 30th day of September, 1892, the supreme court decided that—

"There is no error in the record, but that the decree of the chancellor, in sustaining the demurrer and dismissing the bill, was correct, and the court hereby adjudges that said decree be, and it is, in all things, affirmed." [1]

This decree of the supreme court of the state was rendered before the bill in this court was filed. The defendant has filed what it styles "a plea of res adjudicata" in bar of the suit in this court, averring that a similar suit was brought by the same plaintiffs against the same defendant, for the same subject-matter, and for the like purpose, in the state chancery court, which was finally decreed in that court, and affirmed in the supreme court of the state, against the plaintiffs, and in favor of the defendant. It is averred—

"That the decree of the supreme court was a final adjudication of the cause, by the court of last resort, upon the merits and matters of said suit, between the same complainants and the same defendant, and for the same matter and cause of action, as exhibited by the bill in the present suit; and said decree of said supreme court was final and conclusive of the merits and matters of litigation in favor of this defendant."

The complainants insist that this plea is insufficient to bar a recovery, and preclude them from maintaining their action in this court, because: (1) The said plea purports to be a plea of res adjudicata, whereas it shows that there was no issue of fact in the cause, as heard in the state court, but only an issue of law; so that it is only under the maxim "stare decisis," or law of precedent. (2) The said plea shows that there has been no decision rendered in the state courts which can preclude this court from its independent action throughout, in the determination of this cause; there being no con-

[1] No opinion filed.

struction of any state law or constitution, or of any local law, usage, or custom, but only questions of common or equity law, involved. The present question presented is, is the plea sufficient to bar the action? The theory of complainants seems to be that a trial and decision by a state court, though final, does not bar an action in the federal courts, unless the construction of a state law or constitution, or some local law, usage, or custom, is involved, but that in cases in which general commercial law, the general principles of equity, and the like, in which the courts of the United States follow their own interpretations and decisions of the law, and are not bound by the interpretations and decisions of the state courts, the decisions of the state courts do not bar actions in the federal courts for the same cause of action, but they become merely precedents, which may or may not be followed by the federal courts. Such a view of the law cannot be maintained successfully. The courts of the United States have no power to review, reverse, or revise or change the judgments of the state courts, no matter how erroneous they may be, except in such cases as may be appealed or taken by writ of error to the supreme court of the United States from the courts of last resort in the states. If the opinions, decrees, and judgments of one class of courts are not to be respected by another class, we should have endless turmoil and disorder, often resulting in violence and bloodshed. The sheriff and his posse would come in contact with the marshal and his posse, and our form of government would prove a curse, instead of a blessing. State-court judgments are as much entitled to respect from federal courts as federal courts from those of the state. A precedent is one thing; a judgment, another. The decision of one case may become a precedent in another case. This depends upon the analogies of the cases, but the cases are and must be different. The question of res adjudicata is not like a precedent, in fact or principle. A precedent may apply to it, and control it, but the plea of res adjudicata belongs to but one cause of action. There may be, and must be, two or more suits in the same forum, or in different forums, but it must, in each suit, be essentially the same cause of action. In Stout v. Lye, 103 U. S. 68, Chief Justice Waite said:

"Mr. Justice Grier, speaking for the court in Peck v. Jenness, said: 'It is a doctrine of law, too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decisions be correct or otherwise, its judgment, till reversed, is regarded as binding on every other court, and that where the court, and the right of the plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceeding in another court.' 7 How. 612–624."

In the case we have, the complainants selected their forum, and that forum was the state court, and prosecuted their suit therein to a final decree, and now seek to repudiate the decision of their own tribunal, and have this cause tried anew by a different one. They are estopped from so doing. Justice Field says:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But, to this operation of the judgment, it must appear, either upon the face of the record, or be shown

by extrinsic evidence, that the precise question was raised and determined in the former suit." Russell v. Place, 94 U. S. 606–610.

The maxim applicable is, "Nemo debet bis vexari pro eadem causa."

Another position of complainants, in denying the sufficiency of the plea, is that there was no final hearing and decision of the cause in the state courts upon its merits; there was no issue upon the facts, but only upon the law. It is true that the cause was decided upon a demurrer to the bill, but the decree was final, and ended the life of the bill. It was dismissed. A demurrer admits the truth of every allegation in the bill which is properly pleaded. It is for hearing as though every material fact alleged were proven. The merits of the cases, as stated by complainants, must be considered and passed upon. The answer of the court to complainants' case was: "Take it for granted that every essential fact you state is true, the law can give you no relief." It is the failure of the facts to make out a case which bars the relief. They need more or better facts, not other and different law. But it is determined by authority as well as reason. Aurora City v. West, 7 Wall. 82. decides that—

"Where a judgment is rendered on the merits, whether on demurrer, agreed statement, or verdict, it extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined in the course of the proceedings."

If the averments of defendant's plea be sustained by proof, it is clear, so it seems, that complainants' suit is barred by the decree in the state court, and the plea must be held to be sufficient.

Defendant brings along with its plea a copy of the record of the cause in the state courts, as is admitted by the parties. An examination of this copy must convince the mind that the suit in the state court has not only the same parties and the same subject-matter as in the suit in this court, but that the relief sought is the same in each. The framework of the two bills is the same, but complainants have leave to join issue upon the plea, if they so desire.