Mortimer J. DAVIS, as Trustee in Bankruptcy of Julius Portner d/b/a J. P. Paint Co., Plaintiff-Appellee,

v.

NATIONAL MORTGAGE CORP., Samuel Gruskin, Julius Portner and Louis Portner, Defendants,

Julius Portner Paint Co., Inc., Defendant-Appellant.

No. 405, Docket 28102.

United States Court of Appeals
Second Circuit.

Argued June 18, 1963.

Decided July 18, 1963.

Emanuel Stempel, New York, City (Alfred Fayer, New York City, on the brief), for defendant-appellant.

Julius Zizmor, New York City, for plaintiff-appellee.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and BRYAN, District Judge.

## PER CURIAM.

The Julius Portner Paint Company appeals from a default judgment in the sum of $55,378.75 and execution thereon entered against it on February 27, 1963.

The Paint Company was one of several defendants in this action by the Trustee in Bankruptcy of Julius Portner seeking damages for conspiracy to defraud the creditors of the bankrupt. The district judge entered an order on February 13, 1963 which stated that upon failure of the defendant Paint Company to submit to oral examination by its vice-president, Seymour Levy, under Rule 26 of the Federal Rules of Civil Procedure, the Paint Company's answer was to be stricken, judgment was to be entered against that defendant for the amount claimed in the complaint, and the action was to "be deemed severed and continue as against the remaining defendants."

Although the district judge made an express direction for the entry of judgment he made no express determination that there is no just reason for delay. Rule 54(b), as amended in 1961, provides that in an action involving multiple parties, unless the district court makes such a finding, an order, however designated, does not terminate the action as to any of the parties.[1] Thus there is no "final decision" from which an appeal may be taken to this court, 28 U.S.C. § 1291 as the action is still undetermined as to other defendants. The appeal is therefore dismissed.[2]

The Paint Company has an adequate remedy in the district court to revise the judgment against it, Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure. To afford it the opportunity to do so without the threat of execution, we order execution stayed for 30 days under our authority to preserve the status quo. Rule 62(g), Federal Rules of Civil Procedure.

Inasmuch as it is probable that the district court will at some time enter a final judgment against the Paint Company, we feel it incumbent upon us to

1. Rule 54(b), Federal Rules of Civil Procedure:

   "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the * * * parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

2. Because Rule 54(b) has not been complied with, we need not determine at this time whether the 1961 amendment to that rule permits the rendering of a final judgment against one of a number of defendants where the judgment is one by default and the liability of the defendants is joint. Compare Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1873) with denial of petition for rehearing in Ferguson v. Bartels Brewing Co., 284 F.2d 855, 857 (2 Cir. 1961); see 6 Moore, Federal Practice ¶ 55.06 (1953).

remind the district Court that it may not enter a default judgment for the unliquidated damages claimed here for such items as good will, counsel fees and the like without first holding a hearing to determine the amount of damages to which plaintiff is entitled. Rule 55 (b) (2); Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944); City of Aurora v. West, 7 Wall. 82, 74 U.S. 82, 104, 19 L.Ed. 42 (1869); Bass v. Hoagland, 172 F.2d 205 (5 Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949); Thorpe v. National City Bank, 274 F. 200 (5 Cir.1921); 6 Moore, Federal Practice ¶ 5507, p. 1822 (1953). So much was conceded by counsel for the appellee upon the argument of the appeal. Should the district court fail to comply with our suggestion, the defendants concerned, upon appropriate application, have available an immediate remedy by way of petition for writ of mandamus.

Appeal dismissed. Execution stayed.